No. 2558.—ALEXANDER WALKER *v.* JOHN BIETRY.

An attorney at law who makes a contract with his client for a stipulated amount as his fee for attending to a litigation, can not afterward recover on a *quantum meruit* for services rendered in the same litigation.

APPEAL from the Seventh District Court of New Orleans. *Collens*, J. *D. C. Labatt* and *James Lingan* for plaintiff and appellee. *Cotton & Levy* for defendant and appellant.

TALIAFERRO, J. The plaintiff, who is an attorney at law, sues on a *quantum meruit* for professional services rendered the defendant in effecting an adjustment and compromise, much to the benefit of the latter, of a litigation that had existed between the defendant and the city authorities of New Orleans, in regard to a certain contract for public work entered into by the parties.

The defendant in his answer denies absolutely that he entered into any such engagement with the plaintiff as alleged by him. The judgment of the court below awarded the plaintiff the sum of $674 60. The question presented in this controversy is mainly as to the fact whether the plaintiff was engaged by the defendant, as alleged by the former, and whether the plaintiff has established the value of his services.

The testimony taken in the case makes up a large record of conflicting and contradictory statements by the witnesses. The defendant and several other persons, it seems, had entered into contracts with

the city authorities in regard to working upon the public streets in certain specified parts of the city. These contracts were annulled by General Sheridan, who at the time was in command of the military district within which the State was then arranged. The plaintiff, it seems, was employed by several of these parties, the defendant among them, to obtain redress through the courts, and accordingly he proceeded by mandamus against the mayor, to compel a compliance of the city with her contract with one O'Hara, making that a test case, all the others standing on the same ground. There does not appear to be any disagreement between the plaintiff and the defendant in reference to the compensation the plaintiff was to receive for his services in the mandamus case. It appears that he required a retainer of $300 and a contingent fee besides for all the cases. His *pro rata* amount of the retainer the defendant paid. The attorney was successful in the District Court, but upon appeal to this court the judgment of the District Court was reversed. A rehearing was applied for, pending which the vacation of the court came on, the matter then standing as at first, with the contracts of the parties annulled. The plaintiff says in his testimony that at the solicitation of the parties who had left their contracts with him he entered into negotiation with the mayor and the members of the city council, and especially with the members of the Committee on Streets and Landings, for the purpose of effecting a compromise and a reinstating of the different parties in their several contracts. This the plaintiff represents as a new engagement, and not at all a part of the original undertaking in the courts in which he proceeded by mandamus; that when he entered into this second engagement he notified O'Hara, whom he represents as the acting party in the affair, that it would be necessary to come to a definite understanding in regard to his contingent fee; that he drew up an agreement by which they were to bind themselves to pay a certain per centage on the contracts in case they were maintained. This instrument was not signed, it seems, and was not afterward seen. That nothing definite being agreed upon, he informed O'Hara that he would claim a *quantum meruit*, and proceeded with the business. The defendant, as already stated, ignores these statements of the plaintiff, and we think it is not satisfactorily established that he did agree to pay anything under the new and subsequent agreement alleged by the plaintiff to have been made. From the position the parties stand in, as shown by the evidence, we think that the services rendered by the plaintiff throughout must be regarded as having been rendered in pursuance of the original contract, and as the plaintiff was successful in getting the contracts of the several parties reinstated, the defendant is bound to pay him his portion of the common debt. The three hundred dollars contingent upon a successful effort in behalf of the parties they are

bound to pay. The defendant's part or quota, it seems, is one-third. The judgment of the lower court predicated upon a small per centage of the amount claimed we think erroneous.

It is therefore ordered that the judgment of the lower court be annulled. It is further ordered and adjudged that the plaintiff recover from the defendant one hundred dollars, defendant and appellant paying costs in the lower court; the plaintiff and appellee the costs of this appeal.