No. 4020

Second Circuit

(Second Division)

WARDLAW BROS. GARAGE, INC., v.
THOMAS

(March 16, 1932. Opinion and Decree.)

Argued before DREW, STEPHENS and TALIAFERRO, JJ.

Modisette, Irion, Comegys & Switzer, of Shreveport, attorneys for plaintiff, appellant.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J. This is an action in rem against the defendant's automobile, to enforce the payment of a claim of $210.65. Recognition is sought by plaintiff of a lien and privilege on the automobile, for repairs made and parts furnished, under the provisions of Act No. 209 of 1926. The automobile was seized under a writ of sequestration, and the plaintiff prays that it be sold in order that its claim may be satisfied.

The suit is defended generally upon the ground that the repairs were made and the parts furnished as a result of an agreement between the plaintiff and one A. L. Kelly; and that it was understood between the defendant, Kelly and the plaintiff that the defendant was not to be responsible in any manner to plaintiff as a result thereof.

The defendant asserted other preliminary and technical defenses in the lower court which are not urged here.

The case was submitted to the trial judge upon an agreed statement of facts, which was dictated to the court reporter in open

court; and upon the facts as thus set out, judgment was rendered in favor of plaintiff as prayed for. A new trial was granted, however, on motion of the defendant, upon the ground that the court reporter's notes did not contain all of the facts agreed upon; and after hearing had, in which all of the facts were fully developed, the trial court rendered judgment rejecting plaintiff's demands.

From this judgment the plaintiff appealed.

The plaintiff, appellant, contends that the trial judge erred in granting a new trial.

Pertinent facts were developed on the trial of the case which were not contained in the agreed statement of facts, which occurrence lends force to the contention of the defendant that certain facts were agreed on that were inadvertently omitted from the court reporter's notes. However, whether the contention of the defendant in this respect be well founded or not, we find no abuse by the trial judge, in the exercise of the wide discretion permitted him by law, in granting the new trial in this case.

The facts of the case are as follows:

The automobiles of the defendant Thomas and A. L. Kelly collided, resulting in considerable damage to defendant's automobile. The defendant had his automobile removed from the scene of the accident to the Jewella Garage for repair. Kelly admitted sole responsibility for the accident, and agreed to pay for the necessary repairs; but he informed Thomas that he would prefer to have the work done by Wardlaw Brothers Garage, as he had had an account there for a number of years and would be permitted to pay for the work from month to month. Thomas, believing that as Kelly was to have the work done he should be allowed to choose the place for its performance, acquiesced in the preference expressed by Kelly, and issued an order to the Jewella Garage, with whom he had had a business relation of long standing, to deliver the automobile to Wardlaw Brothers Garage. It was understood by the latter concern, Kelly and the defendant Thomas that the work was to be done for the account of Kelly; the amount of the monthly payments, however, were not specified.

Pursuant to the agreement, Wardlaw Brothers Garage obtained the automobile, repaired and delivered it to the defendant Thomas, and charged the amount herein sued for as the value of the service rendered to the account of A. L. Kelly on its books. Some sixty days thereafter Kelly, not having paid anything on the account, the Wardlaw Brothers Garage instituted this suit against the defendant's automobile without previous demands for payment on Thomas, or notice of intention to hold him in any manner liable for the repairs.

If the facts were simply that Kelly employed the Wardlaw Brothers Garage to make repairs on the automobile of the defendant Thomas, with his knowledge and consent, it is our opinion that a lien and privilege arising from the provisions of Act No. 209 of 1926 would attach to the automobile to secure the payment for such repairs. It is not necessary that the automobile be owned by the person who contracts for the repairs to be made, in order that the lien and privilege be enforced against it.

In the case of L. P. Stephens & Co. v. Kellogg Lumber Co., 18 La. App. 507, 137 So. 769, 770, this court used the following language:

"The Legislature has passed many acts for the protection of those who render service or perform labor for another engaged in the business of changing the form of property of third persons. In none of these acts, so far as our examination has extended, is the lien or privilege restricted to any extent by the fact of ownership."

The question here presented is, whether, under the facts developed, it may not be reasonably implied therefrom, that it was the intention of the plaintiff to waive the lien and privilege on the automobile?

Liens may be lost in a number of ways; that is, by payment of the claim secured, by waiver expressly agreed to, or by waiver arising by implication from the facts and circumstances of the particular case.

In this case, we think the lien and privilege was lost by implication. All of the facts and circumstances consistently support this conclusion, but particularly the following:

The plaintiff was relying on the credit of Kelly for payment on a "month to month" plan, which is inconsistent with an intent to rely on a lien as security, which would have expired by limitation in ninety days.

The amount of the bill was charged to Kelly only, which discloses an intent not to look to the defendant for payment.

The automobile was surrendered to the defendant immediately after the repairs were made, without suggestion that he or it would be held liable for the debt.

No demand was made at any time on the defendant, except as against his property, which clearly indicates that no intention existed at any time to hold the defendant liable for the obligation. The conduct of the plaintiff, before the institution of the suit, was wholly inconsistent with an intention to assert the lien, but was fully consistent with its waiver. The intention to urge the lien, as expressed by the suit, seems to us an afterthought, inconsistent with all previous arrangements made and all previous action taken relating to the transaction.

The judgment of the district court, we think, is correct and should be affirmed, and it is so ordered.