-AYRES, Judge.
Plaintiffs, J. W. Carson ‘and Dan’ P. Logan, instituted this action’ to recover of the defendant $1,086.25, an amount allegedly incurred by them in farming operations during the spring of 1952 on land1 which Carson had leased from the defendant and which sum defendant allegedly agreed to reimburse upon plaintiffs relinquishing their rights under said lease'.
From a judgment, in plaintiffs’ favor as prayed for, defendant appealed.
By an instrument of December .19, 1950, defendant leased to plaintiff Carson a 50-acre tract of land situated in Caddo Parish, Louisiana, for occupancy and use for agricultural and related purposes for a period of four years, beginning January 1, 1951, wherein Carson agreed to operate said farm in an efficient manner and'furnish all equipment and expense necessary to produce crops of cotton, corn and hay, l/5th of which crops was to be paid defendant as rent for said lands. The farm was operated pursuant to said lease and agreement during 1951. During that year, according to Carson, the arrangement appeared to have been profitable to defendant and unprofitable to him. Thereafter, on January 1, 1952, another instrument of lease coveting this land was executed and signed by these parties, whereby the term recited a period of one year and the lessor agreed to pay l/5th of the cost of all fertilizer and poison used in making the crops to be grown thereon, and in payment of the rent on said property the lessee agreed to pay the lessor l/5th of all corn and l/5th of the baled cotton produced.
Subsequent to this agreement, a verbal contract was entered into between Carson and Logan providing for the operation' of said farm for the year 1952. The record discloses that Logan owned adjacent farm lands, as well as a plantation nearby across the river, located in the State of Arkansas, and to facilitate the operations of both parties, Carson’s equipment was moved to the plantation across the river, where he was in charge of the farming operations, and Logan used his equipment on the propert)' leased from defendant in connection with *582 his own operations on his lands in the same vicinity. Pursuant to this agreement, Logan began farming operations on this land and with the use of his tractors and other mechanical farm equipment, flat broke, disced and, for a second time, flat broke the land and prepared it for planting. Planting was done, fertilizer applied, and chemicals to kill and/or prevent the growth of grass and weeds, as recommended by the experimental station, were applied, at a cost of the aforesaid sum. Notwithstanding the farming operations conducted as aforesaid, defendant became dissatisfied with the manner the land was being cultivated and expressed lack of faith and confidence in the chemicals used by plaintiffs and insisted upon said operations being conducted to her satisfaction in the theretofore conventional method of using manual labor and hoes as implements in ridding the crops of grass and weeds. She expressed her dissatisfaction to both Carson and Logan. At Carson’s residence she stated she would pay, upon possession of the property being delivered to her, the expense incurred to date, less the cost of certain chemicals, known-as “Premerge”, applied to the soil to prevent the growth and development of grass. Defendant went to the field where the farming was being done, expressed dissatisfaction of the farming operations to plaintiffs’ laborers and likewise to Logan upon his appearance upon the scene. Logan likewise at that time agreed to relinquish the property to defendant upon payment of the expenditures made in pursuance of the farming operations conducted on said property. Thereafter, Mrs. Ward called at Logan’s office on his plantation, where Logan prepared and gave her a statement of the costs expended, which she agreed to pay, notwithstanding her complaint that it was excessive. She further stated she could not then make the payment for lack of cash, whereupon Logan agreed to defer payment or to accept her note.
The property was relinquished to Mrs. Ward, who took possession thereof, continued the farming operations begun by plaintiffs, and harvested, according to her own testimony, a good crop, from which, however, she contended she made no piofit. Mrs. Ward denies that she agreed to pay this entire sum and testified that she later offered to pay Carson $500 in compromise settlement.
Considerable importance was attached to the question of whether or not the second lease instrument novated the first instrument executed. While we are of the opinion the second instrument constituted a novation of the first, this appears to be a matter of no material consequence, even though the first instrument contained a provision that the lessee could not assign the lease or sublet any portion of the farm without the consent of the landlord. The purpose was to show that Carson was without right or authority to contract relative to this property with Logan. Nevertheless, what was done between them was an accomplished fact. The validity of the lease is not assailed for that or any other reason. Regardless of whether the rights of the parties were conferred by one or the other or by both of those instruments, such rights were relinquished and the property delivered to the possession of the defendant upon her promise and obligation to pay the expenses of the farming operations incurred by plaintiffs to that date. Neither was she concerned nor harmed by the arrangement between Carson and Logan providing for the farming operations under said lease or as to whether or not the expenditures, the reimbursement for which is now sought, were made by either or both of said parties, it appearing without serious doubt that the expenditures were made for the account of Carson as well as Logan. There is no serious dispute or controversy as to the amount actually spent in these farming operations. Such was the conclusion of the trial court.
Defendant does not make her position clear as to what the consideration was to be for plaintiffs’ relinquishment of the property. Apparently, she would have us believe that they released their rights under the leases without any obligation upon her part, notwithstanding the work done in connection with the crops for that year had progressed as far as the month of June. This, of course, would not be consistent *583 with reason. We think it has been established by a preponderance of the evidence that defendant agreed to reimburse plaintiffs the aforesaid expenditures.
Therefore, finding that a definite agreement was entered into by and between plaintiffs and defendant, whereby plaintiffs released their rights under the aforesaid lease or leases and delivered possession of said lands to defendant in consideration of her promise and agreement to reimburse them for the aforesaid expenditures, we base our conclusion upon that basis. In this respect, we respectfully differ with the trial judge, who was of the opinion that plaintiffs should recover of'the defendant the amount of expenditures made by them in the production of the crops upon a quantum meruit basis, which principle, however., only finds application in the absence of an agreement between the parties. The ulti-. mate judgment and conclusion, however, reached by the trial court as to the amount of the indebtedness is correct, in our opinion, and should be affirmed.
Accordingly, the judgment appealed is affirmed at appellant’s costs.
Affirmed.