BOLIN, Judge.
Robert F. Oldham, doing business as Lakeshore Real Estate Company, instituted suit against Grover C. Jones in the district court seeking a judgment for $1100, to *311 gether with interest and costs for a real estate commission allegedly due the plaintiff under the terms of a written contract to sell certain property located in the City of Shreveport, Louisiana, to a purchaser secured by the real estate agent. In the alternative, plaintiff prayed for an award based on quantum meruit as a reasonable compensation for services performed by him. From a judgment rejecting his demands, plaintiff has appealed.
In order to properly present the issues in the case, we deem it appropriate to briefly discuss the facts as we have found them. The defendant, being the owner of a house located on two lots in the Edgehill Subdivision of Shreveport, apparently contacted the plaintiff in an effort to have him sell the property for defendant. Thereafter, plaintiff interested C. K. Carter, Jr., in purchasing the property and entered into a written sales contract with him. This sales contract was dated August 28, 1958, and was filed in the record below by the plaintiff; and the pertinent portions thereof are as i ollows:
“ * * * Received of C. K. Carter, Jr., husband of June Smith Carter One Hundred and No/100 Dollars to be held in escrow by Lakeshore Real Estate Co. and applied as part payment of purchase price (not to be considered as earnest money) of the following described property:
“Lots #27 and 28 in Block “E” of Edgehill Subdivision in the City of Shreveport, Parish of Caddo, State of Louisiana, with improvements thereon known as 3654 Darien St.,
which property Seller agrees to sell and Purchaser agrees to purchase, under the following terms and conditions •
“Consideration: $22,000.00
“Terms of sale: Cash
Subject to B 1 Zoning.
Subject to securing of necessary financing.
All paving to be paid.
“Special Agreements : If necessary to complete final zoning an extra 60 ' days time shall be allowed on this contract.
“Said sale being subject to approval of Title by purchaser’s attorney. In the event Title cannot be made valid and merchantable within 60 days from date, the money herein receipted for shall be returned and buyer and seller will be relieved of any obligation under this contract. * * * ”
Following the signatures of Carter and Oldham to the above contract appears the following provision which was signed by the defendant:
“I, Seller in the agreement, irrevocably accept and abide by the above contract and agreement and-agree to pay the broker’s commission, of $700.00 R.F.O.”*
(* Asterisk and emphasis ours to denote that the amount of $700 and the initials “R.F.O.” were written into contract with ink following the punctuation after the word “Commission”.)
Defendant contends that the above broker’s commission and the initials affixed thereto were inscribed at a later date.
On November 26,1958, Mr. Carter’s application to the Metropolitan Planning Commission to have the property classified as “B 1” was denied. No further action was taken relative to the rezoning of the property until October 1959, at which time the Metropolitan Planning Commission upon its own motion requested the City Council to rezone the entire area under a blanket zoning ordinance. With respect to the payment of the paving liens affecting the property, the record reflects such payments were not made until August 17, 1959. The record also reveals that on April 15, 1959, Carter contacted Oldham and requested that he return to him the sum of $100 which had been deposited under the original contract *312 of sale. While there is some dispute as to the reasons given by Mr. Carter for this request, it is conceded that such deposit was returned to him.
The contract of sale being dated August 28, 1958, the defendant contends that same would ordinarily terminate in 60 days, or October 28, 1958, unless an extra 60 days was required in order to complete the zoning of the property, but in no event could such contract extend beyond 120 days from the date thereof, or December 28, 1958. The defendant thus being of the opinion that the contract had terminated by its own terms, sold the property in question on August 1, 1959, to a trustee, who thereafter conveyed the property to Mr. C. K. Carter.
Under the above facts, the plaintiff contends defendant has violated the provisions of the contract between them wherein plaintiff was granted the exclusive right to sell the property. The principal demand was for $1100 based on a total sale price of $22,000; plaintiff contending that he is entitled to the usual and customary fee of 5% of the sale price. The alternative demand for an award of $700 on a quantum meruit basis is predicated on the plaintiff’s contention that such figure was written into that portion of the original sales contract after the seller had signed same and initialed “R.F.O.” by Mr. Oldham signifying a compromise agreement rather than the usual commission of $1100. The demand under quantum meruit is also based on plaintiff’s claim that services were rendered beyond the written contract.
The defendant contends that any recovery herein must be limited to the written contract of sale which clearly became extinct on December 28, 1958, because the condition therein had not been fulfilled and by the terms of such contract “the money herein receipted for shall be returned and both buyer and seller will be relieved from any obligation from such contract.” The defendant further contends that his position is fortified by the plaintiff having returned the $100 deposited under the contract to Mr. Carter on April 15, 1959.
We are of the opinion the defendant’s contentions are meritorious and that the judgment appealed from should be affirmed. While the district court did not assign written reasons for its judgment, the rulings made on the various objections show conclusively that the lower court was of the opinion that the demands were based entirely upon the written contract. In fact, there was no evidence admitted of any consequence beyond the written instrument and counsel for the plaintiff practically conceded in the trial below that his case was of necessity based on the written contract. This being so, we think the evidence clearly shows that the title was not perfected to the property within the 120 days provided for completing such because of the failure to have the property rezoned and to pay the paving liens due on same. ' Under these circumstances, the contract came to an end and both parties were released from any obligations thereunder by its very terms.
We now give consideration to appellant’s alternative claim for the sum of $700 upon a quantum meruit as reasonable compensation for services rendered. The action upon quantum meruit finds sanction in our law especially under LSA-C.C. arts. 2293 and 2294. The theory for allowing such recovery is based upon an obligation implied in law for services that redound to the benefit of one where there is no agreement which has the dignity of a contract. However, it is well settled in our jurisprudence that such an action will not lie for recovery where the services were performed pursuant to a special written contract. Condran v. City of New Orleans, 43 La.Ann. 1202, 9 So. 31 (1891); Dalgarn v. New Orleans Land Company, 162 La. 891, 111 So. 271 (1927); Bouterie v. Carre (La.App.OrL, 1942) 6 So.2d 218; Carson v. Ward (La.App. 2 Cir., 1956). 86 So.2d 581. As there were no services performed beyond the special contract; the plaintiff can *313 not recover under his alternative demands upon quantum meruit.
For the reasons stated, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.