HENRY F. TURNER, Judge pro tern.
Plaintiff, Claude J. Pumilia, a licensed realtor, brought this suit to recover a realtor’s commission from defendant, James J. Dileo.
On June 10, 1958, the plaintiff and defendant entered into a written contract by the terms of which plaintiff was to attempt to find a lessee for property owned by defendant in the City of New Orleans. This contract provided that plaintiff was to receive a stipulated commission on any lease of the property during the term of the contract regardless of who was responsible for finding the lessee. The contract stipulated that it was to remain in effect for at least two months, after which time defendant could cancel it on 30 days’ notice to plaintiff.
Defendant gave notice to plaintiff of his intention to cancel the contract on November 6, 1958, the cancellation to take effect on December 6. The property in question had not been leased prior to this time, and no lease was subsequently made until April 1, 1959. It is on this lease of April 1 that plaintiff now seeks to recover a commission.
The plaintiff’s version of the material facts is that after signing the contract with Dileo, he put a “For Lease” sign on the property; that he advertised it in the newspaper; that as a result of this activity, a Mr. Jacobs of the R. C. Corporation (which ultimately became the lessee of the property) contacted him with respect thereto; that he discussed the matter with Dileo on several occasions; and that he arranged a meeting in his office between Jacobs and Dileo.
Pumilia claims that negotiations between Jacobs and Dileo, in which he did not take part, continued from this point until the signing of a lease by them on April 1. He asserts that the aforementioned efforts on *583 his behalf were the procuring cause of the lease which defendant finally granted.
Mr. Dileo stated, however, that Jacobs and he first met through the suggestion of a mutual friend; that he arranged the meeting with Jacobs in Pumilia’s office; and that they had no meeting of the minds at that time and dropped the matter until sometime the next year, when negotiations were begun anew.
Mr. Jacobs contributed nothing substantial to the version of either party.
The trial court gave judgment for defendant, dismissing plaintiff’s suit at his cost.
Plaintiff sets forth two alternative theories for recovery. The first is that his effort on behalf of defendant during the term of the contract was the procuring cause of the lease and he should thus recover under the contract. The second is simply that he did render services for defendant which resulted in the lease, and, though these services do not entitle him to recovery under the contract, he is entitled to their fair value under quantum meruit.
The plaintiff contends that if his services, rendered during the term of the contract, were the procuring cause of a lease of the property, even though entered after cancellation of the contract, then he is still entitled to his commission. He cites in support thereof Caruso-Goll v. LaNasa, La.App., 72 So.2d 13; Wolf v. Casamento, La.App., 185 So. 537.
This is a correct statement of the law, and, since the trial court did not favor us with written reasons for judgment, we must assume that it accepted this principle and found that plaintiff’s efforts were not the procuring cause of the lease. We cannot, from the evidence in the record, say that the trial court was in error. Pumilia did not carry his burden of proof.
The plaintiff’s other contention— that he should recover on a theory of quantum meruit — also fails him. Obviously, he has rendered no service of value to defendant if he was not the procuring cause of the lease.
 One may not, though, recover the value of services rendered pursuant to a written contract which provides for payment only on a certain contingency unless that event comes to pass. To allow him to do so would be to abrogate the contract he entered into. Thus, one may recover for services rendered pursuant to a contract only on the happening of the stipulated contingency and according to the terms of that contract. Oldham v. Jones, La.App., 136 So.2d 310.
For the foregoing reasons the judgment of the district court is affirmed.
Affirmed.