180 So.2d 888 (1965)
Andrew BABINEAUX, d/b/a Babineaux's Auto Repair Shop, Plaintiff and Appellant,
v.
Joe GRISAFFI and Edus Duplantis, Defendants and Appellees.
No. 1551.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
Rehearing Denied December 22, 1965.
Bush & Moresi by Paul G. Moresi, Jr., Abbeville, for plaintiff-appellant.
*889 Allain & Rogers, by Wilbur L. Allain, Jeanerette, for defendants-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff sues on an alleged contract with both defendants to repair Grisaffi's 1963 Ford Falcon automobile, which was damaged in a collision with a vehicle driven by Duplantis. Plaintiff also prays for recognition of a repairman's lien on the automobile. In the alternative, plaintiff seeks recovery against the owner on a quantum meruit basis.
Grisaffi defends on the grounds the agreement was for Duplantis alone to pay for the repairs. Grisaffi also filed a reconventional demand, for damages resulting from plaintiff's refusal to deliver possession of the automobile to Grisaffi after completion of the repairs. The district judge rejected plaintiff's demands and awarded Grisaffi $162 in damages on his reconventional demand. Plaintiff appealed.
The facts show that following the accident in question Duplantis admitted liability. But, he had no liability insurance and not enough cash to pay for the repairs. He requested that Grisaffi permit his automobile to be repaired at plaintiff's garage. Duplantis had known plaintiff for several years and thought he would do the work cheaply and accept payment on an installment basis.
The principal dispute is the nature of the agreement made with Babineaux. Plaintiff testified that both defendants requested the repairs and agreed to pay for them. However, Duplantis, Grisaffi and Grisaffi's son all testified it was understood and agreed by plaintiff that Duplantis was accepting liability for the collision and, in order to have the repairs done as cheaply as possible and to be able to pay for them on an installment basis, plaintiff was to make the repairs and was to look to Duplantis alone for payment.
We see no need to review the testimony in detail. The trial judge has done this in a well considered written opinion, in which he found the facts to be as defendants contend. It is largely a question of credibility of witnesses. There is clearly no manifest error in the finding of fact by the trial judge.
Plaintiff contends that regardless of whether Grisaffi requested the repairs, or agreed to pay for them, he is entitled to a lien on the automobile. He says first he is entitled to a lien under the provisions of LSA-C.C Article 3217, which allowed a privilege to a "* * * workman or artisan for the price of his labor, on the movable which he has repaired or made, if the thing continues still in his possession." The facts here show that the automobile did continue in plaintiff's possession until Grisaffi posted bond in the sum of $1,000 to secure release thereof from a writ of sequestration which plaintiff had obtained.
Plaintiff also contends he is entitled to a lien and privilege under the provisions of LSA-R.S. 9:4501. This statute provides for a repairman's privilege on automobiles for a period of 90 days after the last repairs are made, even though the repairman is no longer in possession. The repairs here were completed less than 90 days before suit was filed.
It is true that neither of these statutes contains any requirement that the repairs be made with the consent, or at the request, of the owner, as some other lien statutes do. See LSA-R.S. 9:4801; 9:4661. It may be that were it not for the agreement, which we think constituted a waiver by plaintiff of his lien, he would have a privilege for the amount of his repairs. However, under the circumstances, we think plaintiff has waived any right he has to a lien.
This case is very similar to Wardlaw Bros. Garage, Inc. v. Thomas, 19 La.App. 241, 140 So. 108 (2nd Cir. 1932). There the *890 defendant Thomas was involved in a collision with Kelley, who admitted responsibility for the accident and agreed to pay for repairs to Thomas's car. The automobile was taken to Wardlaw Bros. Garage, where Kelley had had an account for several years and could pay for the work by monthly installments. When the repairs were completed, the vehicle was returned to Thomas. After Kelley failed to pay anything on the account within the next 60 days, Wardlaw Bros. filed suit against Thomas and claimed a lien on the automobile. The lien was sought under the provisions of Act 209 of 1926, the source statute of our present LSA-R.S. 9:4501. The court held there was an implied waiver by the garageman of any lien he had on the vehicle. The opinion reads in pertinent part as follows:
"(3) Liens may be lost in a number of ways; that is, by payment of the claim secured, by waiver expressly agreed to, or by waiver arising by implication from the facts and circumstances of the particular case.
"(4) In this case, we think the lien and privilege was lost by implication. All of the facts and circumstances consistently support this conclusion, but particularly the following:
"(5) The plaintiff was relying on the credit of Kelly for payment on a `month to month' plan, which is inconsistent with an intent to rely on a lien as security, which would have expired by limitation in ninety days.
"The amount of the bill was charged to Kelly only, which discloses an intent not to look to the defendant for payment.
"The automobile was surrendered to the defendant immediately after the repairs were made, without suggestion that he or it would be held liable for the debt.
"No demand was made at any time on the defendant, except as against his property, which clearly indicates that no intention existed at any time to hold the defendant liable for the obligation. The conduct of the plaintiff, before the institution of the suit, was wholly inconsistent with an intention to assert the lien, but was fully consistent with its waiver. The intention to urge the lien, expressed by the suit, seems to us an afterthought, inconsistent with all previous arrangements made and all previous action taken relating to the transaction."
It is true the present case does not contain all of the circumstances of the Wardlaw case, tending to show a waiver of the lien. The principal difference is that plaintiff here did not surrender possession of the vehicle to the owner after completion of the repairs. However, considering all of the circumstances, we think it is clear that plaintiff waived his lien on the vehicle and relied entirely on payment by Duplantis.
When the vehicle was taken to plaintiff for repairs, it was agreed and understood that Duplantis could not pay cash and would have to make payment by installments. As in the Wardlaw case, this arrangement for installment payment is wholly inconsistent with the assertion of any lien on the vehicle within 90 days. Furthermore, after the repairs were completed, plaintiff first called on Duplantis for payment. Duplantis offered to pay $100 down and $20 a week, but plaintiff refused to accept this mode of payment and demanded cash. It was after this that plaintiff sought payment from Grisaffi and refused to deliver possession of the vehicle unless payment was made.
We agree with the factual finding of the trial judge that Grisaffi did not at any time give plaintiff reasonable cause to believe he was going to pay for the repairs. The car had originally been towed to Robin's Garage, where Grisaffi first intended to have it repaired. But, for the convenience *891 of Duplantis, who agreed to pay for the repairs, the vehicle was moved to plaintiff's shop. The entire nature of the transaction, and the reasons therefor, were understood by plaintiff and there is a clear implication that he waived his lien and looked only to Duplantis for payment. For a general discussion of waiver of liens, see 53 C.J.S. Verbo Liens, § 17, p. 861.
As to plaintiff's alternative demand against Grisaffi in quantum meruit, the trial judge correctly held this doctrine has no application here. Quantum meruit applies where there is no express agreement as to payment and plaintiff must resort to an implied agreement to pay for services rendered. The rationale of the doctrine is that no one should be enriched by the labor of another, without compensation, and anyone who accepts the services of another, without an express agreement as to payment, impliedly agrees to pay the value of the services rendered. But, in the present case we have found there was an express contract whereby plaintiff agreed to repair the vehicle and to look to Duplantis alone for payment. Hence, the doctrine of quantum meruit has no application here. Walker v. Bietry, 24 La.Ann. 349; Carson v. Ward, La.App., 86 So.2d 581; Oldham v. Jones, La.App., 136 So.2d 310.
As to Grisaffi's reconventional demand for damages, the evidence fully supports the conclusion of the trial judge that the car depreciated in value to the sum of $162, during the time plaintiff unlawfully held possession and refused to deliver the vehicle to Grisaffi. This portion of the judgment must be affirmed.
On appeal, plaintiff points out that the lower court judgment failed to recognize plaintiff's demand against Duplantis. The record shows Duplantis was named as a defendant and was personally served. He filed no answer or other response and a preliminary default was entered against him. On the trial of the case, it was clearly shown that Duplantis is liable on his contract to pay plaintiff the cost of these repairs. Accordingly, plaintiff is entitled to judgment against Duplantis.
For the reasons assigned, the judgment appealed is amended to provide that there be judgment herein in favor of the plaintiff, Andrew Babineaux, and against the defendant, Edus Duplantis, for the sum of $939.33, together with legal interest thereon from date of judicial demand until paid, and for all costs in the lower court. Except as herein amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., absent.