HOOD, Judge.
Plaintiff, Charles W. Lyman, Jr., seeks to recover $500.00 from defendant, Francis E. Richard, that being the amount which defendant allegedly contracted to pay plaintiff for making a land survey. Judgment on the merits was rendered by the trial court condemning defendants to pay plaintiff the sum of $300.00. Defendant appealed, contending that plaintiff’s demands should have been rejected completely. Plaintiff answered the appeal, praying that the judgment be amended to award him the full amount claimed.
During the early part of the year 1967 defendant entered into an oral contract with plaintiff, a registered civil engineer, to the effect that plaintiff was to make a survey of a tract of land owned by defendant in St. Landry Parish, and defendant was to pay plaintiff $500.00 for that work. Defendant’s primary purpose in having the survey made was to enable him to locate the eastern and northern boundary lines of his property, so he could construct fences along those lines.
Plaintiff completed one survey of the property and made a preliminary plat of that survey, the plat being dated March 21, 1967. He concedes that this survey was not made in accordance with defendant’s directions, the reason assigned by him for the incorrect survey being that one of the adjacent landowners changed his mind as to where an agreed boundary line was to be located. In any event, another survey was made and a plat of that survey was prepared by plaintiff on March 29, 1967.
This last plat purports to show the boundaries of defendant’s property. Plaintiff did not place stakes in the ground along those boundary lines, however, and defendant was unable to determine from the plat and from the stakes which were placed on the ground where the fences should be located. A dispute then arose between the parties as to whether plaintiff was obliged under the terms of the oral contract to put stakes on the ground along the boundary lines sufficient to enable defendant to construct fences. Defendant refused to pay plaintiff for making the survey until he put stakes along the boundary lines. Plaintiff would not consent to place stakes along these lines unless defendant agreed to pay him an additional sum for that work. The parties were unable to resolve their differences, and eventually this suit was instituted.
The first important issue presented is whether the oral agreement entered into between the parties included a stipulation, express or implied, that plaintiff was to place stakes along the boundary lines sufficient to enable defendant to construct fences along those lines.
The parties differ in their recollections as to the facts. Plaintiff testified that nothing was mentioned about a fence and nothing was said about putting stakes along the boundary lines until after he had com *683 pleted both surveys. Defendant, on the other hand, testified that he mentioned both the construction of fences and the placing of stakes along the boundary lines when, they entered into the agreement. Defendant’s brother-in-law, who was present when the agreement was entered into, did not recall any mention of states at that time, but he testified that defendant did tell plaintiff during the negotiations that he wanted to erect fences along the boundary lines of his property.
The trial judge found that the evidence preponderated in favor of defendant Richard to the effect that he was entitled to "the staking of his property by Mr. Lyman to such an extent that Mr. Richard could erect his fence on the property line which Mr. Lyman did in fact establish.” He concluded that plaintiff was entitled to recover the sum of $300.00 on a quantum meruit basis for the services which he performed.
We conclude, as we think the trial judge did, that there was never a meeting of the minds of the parties as to whether plaintiff was to place stakes along the boundary lines of defendant’s property. The parties agreed that a survey was to be made, and that defendant was to pay plaintiff $500.00 for such a survey. No agreement or understanding was ever reached by the parties, however, as to the specific services which plaintiff was to perform under that contract. Plaintiff was under the impression that he was not obliged to place stakes along the boundary lines, whereas defendant understood that he was to mark the boundaries in that manner. Since there was no meeting of the minds, a valid contract for the performance of this work did not come into existence.
Quantum meruit is an equitable doctrine, based on the concept that no one who benefits by the labor and incidental materials of another should be unjustly enriched thereby. Under those circumstances the law implies a promise to pay a reasonable amount for the labor and materials furnished, even in the absence of a specific contract therefor. LSA-C.C. arts. 2292-2294; Bordelon Motors, Inc. v. Thompson, 176 So.2d 836 (La.App. 3d Cir. 1965); Babineaux v. Grisaffi, 180 So.2d 888 (La.App. 3d Cir. 1965).
We agree with the trial judge that defendant has benefitted from the services which were rendered by plaintiff, even though stakes were not placed along the boundary lines. A survey of defendant’s property was made, and a plat of that survey was furnished to defendant. The plat shows the measurements and location of the boundary lines around his property, and it will be useful to defendant or to anyone who later undertakes to place stakes along the lines. It required 42 hours of work with a three man party, and 21 additional hours of computations by plaintiff, in order for plaintiff to complete the survey and plat which was made. This work will not have to be duplicated when stakes are placed along the lines, and thus we think defendant has benefitted by plaintiff’s labor.
Since defendant has benefitted by plaintiff’s labors, and he would be unjustly enriched if he were not required to pay a reasonable amount for the serices rendered, we think plaintiff is entitled to recover from defendant on a quantum meruit basis.
Plaintiff testified as to the number of hours which he spent in making the survey and in making computations, and as to his charges per hour for that work. The testimony of another civil engineer indicates that he could do the same work in a shorter period of time, although his charges appeared to be higher. Plaintiff also testified that it would have required an additional day and an added cost of $100.00 for him to have placed the stakes along the boundary lines when the dispute first arose. The evidence does not indicate how much it would cost for some other civil engineer to place these stakes on the ground now. Considering all of the evidence, we are unable to say that the trial judge erred in awarding plaintiff $300.00 on a quantum *684 meruit basis for the services which he performed.
Defendant contends, finally, that the survey which plaintiff made was inaccurate, that the work was not performed in a workmanlike manner, and that the survey thus was of no benefit to defendant. The evidence shows that a typographical error was made on the preliminary plat, showing that the property was in Section 14 rather than in Section 24. This insignificant error had been corrected on plaintiff’s original records prior to the trial, however, and would have been shown correctly on the final plat. We thus find no merit to this argument of defendant.
The defendant also produced the testimony of William H. Jarrell, another civil engineer, and a plat of the same property which had been made by him. There are some differences between the linear and area measurements which are shown in the Jarrell plat and those which are shown in the plat made by plaintiff. Defendant contends that the measurements made by Jarrell are correct, and that those made by plaintiff are incorrect.
The trial judge found that “there is not a monumental discrepancy between the two surveys,” and that “there has not been any convincing proof from either side that one survey is correct and the other survey is incorrect.” Mr. Jarrell testified that when two engineers survey land they “in all probability come up with a difference,” and that “no two men will measure the same line and get the same distance probably.” In this instance he stated that the differences in his measurements and those of plaintiff were not excessive. We agree with the trial judge, therefore, that the evidence fails to show that plaitiff’s survey was incorrect or was not made in a workmanlike manner.
For the reasons herein set out the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.