370 So.2d 146 (1979)
BANK OF JENA, Plaintiff-Appellant,
v.
Shirlie F. ROWLEN et al., Defendant-Appellee.
No. 6891.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
*147 Long & Peters, Jimmie C. Peters, Jena, and Henry M. Bernstein, Baton Rouge, for plaintiff-appellant.
Gahagan & Wilson, Joseph Wilson, Jena, for intervenors-appellees.
Hayes, Harkey, Smith & Cascio, Joseph D. Cascio, Jr., and Tom Hayes, III, Monroe, for defendant-appellee.
Before DOMENGEAUX, SWIFT and DOUCET, JJ.
SWIFT, Judge.
In 1976 the defendant, Shirlie F. Rowlen, a building contractor, was engaged in the construction of a residential structure on a lot which he owned in Jena, Louisiana. To finance the construction, Rowlen obtained a loan from the plaintiff, Bank of Jena, which was secured by a collateral mortgage on the lot. Rowlen defaulted on this and other obligations, causing this mortgage foreclosure action by the bank in which other creditors intervened seeking a ranking of their liens and privileges. The intervenors alleged they were entitled to be paid in preference to the plaintiff from the proceeds of the sheriff's sale, by reason of their liens for labor and materials furnished which had been timely and properly filed. It was stipulated that two existing tax liens were to be paid prior to any of the other creditors. The trial judge ruled that all liens for labor and materials primed the bank's mortgage as well as another collateral mortgage held by Howard Brothers Home Care Center of Monroe, Inc., which concern had also filed a materialman's lien. The bank has appealed.
In reaching his decision, the district judge concluded that certain materials had been delivered to the site by an employee of Howard Brothers on September 29, 1976. The plaintiff's collateral mortgage was executed and recorded on October 1, 1976, but its effective date was October 6th when money was first advanced and the mortgage note was pledged. American Bank and Trust Company in Monroe v. F & W Construction, Inc., 357 So.2d 1226 (La.App. 2 Cir. 1978). Therefore, the laborer's and materialmen's liens primed the bank's mortgage. LSA-R.S. 9:4812 and 4819(A)(1).
The trial judge's determination of this issue was based principally on his factual analysis of the evidence and we agree therewith. Actually, the appellant has not specified in its brief any error in regard to this issue. The bank argues simply that the materialman's lien of Howard Brothers was waived by its prior acceptance of a collateral mortgage as security for the cost of materials to be furnished for the construction of the building.
We have found no cases which deal precisely with the question presented by the plaintiff. However, in Central Lumber Co. v. Schroeder, 164 La. 759, 114 So. 644 (1927), a materialman, in addition to his properly recorded lien, had accepted notes from the debtor secured by a second mortgage on his property. The materialman had agreed to waive his privilege if a cash payment was made by the debtor on a sum owed to the creditor over and above the amounts set forth in the notes secured by the mortgage. The court ruled that since the debtor never made the contemplated payment, the materialman had not waived his privilege.
In Wardlaw Brothers Garage, Inc. v. Thomas, 140 So. 108, (La.App. 2 Cir. 1932), the court held that a mechanic's lien was lost by implication since the repairman was not looking to the owner of the automobile for payment of his bill or to his lien as security, but instead was relying on the credit of and monthly payments from the third party causing the damages to the car. The court noted that a lien may be lost only by payment of the claim secured or by waiver expressly agreed to, or by waiver arising by implication from the facts and circumstances of the particular case. That decision was followed by this court in Babineaux v. Grisaffi, 180 So.2d 888 (La.App. 3 Cir. 1965). Neither of these cases, of course, dealt with a materialman's lien.
*148 While it appears that a materialman's lien may be waived expressly or by implication where there is a strong factual basis therefor, in the present case there is no indication whatsoever in the record that Howard Brothers intended to waive any security that it might have, either conventional or otherwise, for payment of the price of materials furnished the defendant for construction of the residence on the subject property. Therefore, the plaintiff's contention in this respect must fall.
For these reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.