CUTRER, Judge.
Robert J. Naquin & Associates, Inc. (Na-quin) brought this suit to collect a real estate commission allegedly owed by Portage Plantation, Inc. (Portage). The trial court granted defendant’s motion for summary judgment dismissing plaintiff’s suit. Plaintiff appeals. We reverse.
The written commission contract reflected the following: On February 11, 1977, the defendant, Portage, represented by its president, Robert Guillory, entered into a written exclusive listing contract with Naquin, represented by its president, Robert J. Naquin, for the sale, exchange or option of a tract of land containing 1,297 acres (two sections) in St. Landry Parish. The contract called for a sales price of $800 per acre. The contract also called for a commission of 2½ percent of the gross amount of any transaction, or $24,000, whichever was less, to be paid to Naquin upon any agreement for or transfer of title during the term of the contract or any extension thereof. The contract further provided that in the event the property was withdrawn by Portage without Naquin’s consent or voluntarily made unmarketable by Portage during the term or extension of the contract, the commission would be due. Any offers to purchase to Portage were to be signed by offeror or offeror’s agent before submission to Portage. The contract was to expire at midnight, March 12, 1977.
The plaintiff’s petition reflects that buyers were procured for a portion of the property within the contract period and defendant executed a sale of this portion on March 16, 1977. Plaintiff was paid a commission on this sale. Plaintiff further alleges that on March 28, 1977, and while continuing as agent for the defendant, he procured a purchaser for the remaining property and caused a second offer to purchase the property to be signed by the purchaser. The defendant refused to execute the second instrument. This suit is for the commission allegedly due for procuring a purchaser for the remaining portion of the property.
*822 Defendant’s answer and reconventional demand denied owing the commission on the ground that the plaintiff failed to procure a purchaser within the time limit of the contract (March 12, 1977).
In support of its motion for summary judgment, the defendant offered the affidavit of Robert K. Guillory, President of defendant corporation. In this affidavit, Guillory admits that plaintiff did find a purchaser for a portion of this property, which portion was sold and plaintiffs commission paid for that sale. He further states that the purchaser for the second portion of the property was not procured until March 28, 1977, and that defendant refused to sell. Guillory further attested that there was no extension of the agreement either orally or in writing and that plaintiff did not procure a purchaser for the property in dispute within the time period set out in the contract.
Defendant propounded interrogatories to plaintiff. The pertinent interrogatories and answers are as follows:
“INTERROGATORY NO. 3
“Do you contend that there are any oral agreements between the plaintiff and the defendant herein, and if so, please give full particulars concerning the date of the oral agreement and full particulars concerning any of the terms thereof especially including the expiration dates.”
Plaintiff responded as follows:
“INTERROGATORY NO. 8: Yes. On March 12, 1977, plaintiff telephoned defendant’s president, Mr. Guillory, advising of the procurement of purchases pursuant to the exclusive employment or broker’s contract. Subsequent to this conversation of March 12, 1977, various other communications and agreements with respect to these purchases were had, which culminated in the preparation and signing of one agreement to purchase or sell on March 16, 1977, and March 28, 1977. During the telephone conversation of March 12, 1977, defendant, through its president, accepted the offer pursuant to the exclusive employment or broker’s contract of the purchases and advised plaintiff to continue the negotiations, which resulted in the hereinmentioned agreements to purchase or sell.”
Also propounded to plaintiff was this interrogatory:
“INTERROGATORY NO. 6
“In Paragraph 8 of your petition, you alleged that on March 28, 1978 you were continuing in the capacity as defendant’s broker and agent. What written authority do you contend gave you this authority, attach a copy of any written instrument proporting to give you this authority, and if there is no written authority, do you contend that you have oral authority to continue and if so, give full particulars concerning how and when this was granted, under what authority, by whom, the dates thereof, the termination dates thereof, and any other full particulars that bear on your authority to so operate.” (Emphasis supplied)
Plaintiff responded as follows:
“INTERROGATORY NO. 6: No written authority. More authority to continue in the capacity as defendant’s broker and agent was given by defendants [sic] president on March 12, 1977. See answer to Interrogatory Number 3 above.”
Plaintiff’s answers to these interrogatories state that the plaintiff was authorized by the defendant’s president in a telephone conversation with plaintiff on March 12, 1978 to continue in the capacity as defendant’s broker and agent. A listing agreement may be in writing or it may be made orally. If written, it may be changed orally. In the case of Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977), the court held:
“It is well-settled that an agreement listing immovable property for sale with a real estate broker need not be in writing. A contract between seller and agent may be made orally or a written contract may be changed orally.” (Emphasis supplied)
*823 The principles governing the disposition of motions for summary judgment are set out by the Supreme Court in the case of Emp. Surplus Line Ins. v. City of Baton Rouge, 362 So.2d 561, 565 (La.1978), where the court held as follows:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
By applying these principles and after reviewing the pleadings, affidavit and answers to interrogatories, and resolving all doubts against the mover (Portage), we are convinced that there is a genuine issue of material fact as to whether plaintiff was orally authorized to continue acting as agent for defendant beyond the expiration date of March 12, 1977. Hence, we are of the opinion that defendant is not entitled to judgment as a matter of law. Accordingly, the judgment of the trial court upholding the defendant’s motion for summary judgment shall be reversed.
For the reasons assigned, the judgment of the trial court, granting defendant’s motion for summary judgment, is reversed and the case is remanded for trial consistent with the views expressed herein. Costs of this appeal are to be paid by defendant-ap-pellee.
REVERSED AND REMANDED.