FRED W. JONES, Jr., Judge.
Plaintiff realty corporation appeals a judgment rejecting its demand for $12,000 allegedly due by defendant as a commission under a real estate brokerage contract. Appellant contends the trial judge erred in finding that an “exclusive right to sell” listing agreement was orally modified to permit a sale by the owner without any liability for payment of a commission to the realtor.
For the reasons hereinafter set forth, we affirm.
On November 4, 1980, plaintiff, Whitlock Realty & Construction, Inc., and defendant, Virgil Sparks, executed a real estate brokerage contract under which, for a term of one year, plaintiff was named “sole and exclusive agent to sell” certain immovable property[1] for a listed price of $415,000, with the realtor’s commission fixed at 6% of the sale price. Defendant agreed to refer all prospective purchasers to plaintiff during the term of the contract.
Plaintiff immediately engaged in a concerted effort to find a buyer for the property — advertising in newspapers, mailing out the listing to some 50 other realtors, and contacting various individuals. Although a few inquiries were received, no bona fide offers for purchase of the property were made. After the lapse of several months, Gratia Whitlock, president of plaintiff corporation, suggested in a telephone conversation with defendant that a reduction in his asking price for the property might help to sell it. In response, defendant orally agreed to modify the listing agreement by reducing his price from $415,000 to $350,-000.
Despite this reduction in price, plaintiff was unable to secure prospective purchasers for the property. Consequently, in February 1981, defendant telephoned Mrs. Whit-lock and requested permission to sell the property himself. Defendant testified:
“Mrs. Whitlock explained to me that it was okay with her if I tried to seek a buyer. I didn’t have one at that particular time, that at the current interest rates today, she gave me permission to go ahead on and sell the property if I could.... I asked Mrs. Whitlock would there be anything about money and she said, ‘no, if I sold the property’.”
Mrs. Whitlock conceded that she gave defendant permission to sell his property directly, but denied waiving her right to the *132 realtor’s commission. She further asserted that she continued in her efforts to find a buyer.
Be that as it may, through his efforts alone defendant was able to secure a buyer for the property and on March 12,1981 sold it for a total consideration of $190,000, payable as follows: $24,588.32 in cash; the assumption by the vendee of an SBA loan balance of $155,411.68; and the cancellation by the vendee of a $10,000 indebtedness due by the vendor on a promissory note.
When Mrs. Whitlock learned of the sale, she made demand upon defendant for payment of the realtor’s commission. Her demand was rejected and this litigation ensued.
In his written reasons for judgment, the trial judge found that there was no express waiver of its commission by plaintiff. However, he concluded that plaintiff failed to prove its entitlement to a commission under the listing agreement inasmuch as the sale was neither negotiated by plaintiff nor made as a result of plaintiff’s efforts.
Although a listing agreement or real estate brokerage contract may appear to give a broker authority to sell property, our jurisprudence has generally classified this as an employment contract rather than a contract of mandate. Leggio v. Realty Mart, Inc., 303 So.2d 920 (La. App. 1st Cir. 1974).
These listing agreements routinely follow one of three basic forms: open listing, exclusive agency, or exclusive right to sell. In an open listing agreement, the broker is given an opportunity to find a purchaser, but the employer retains the right to sell his property directly or through another broker. The property owner, under an exclusive agency listing, employs only one broker who is entitled to compensation if the property is sold by anyone, except the owner himself, during the term of the agreement. However, where the listing agreement is confected as an exclusive right to sell, the broker is presumed to be the procuring cause of the transaction and entitled to compensation if the property is sold by anyone, including the owner, during the contract term. See Comment, “The Law of Real Estate Brokerage Contracts; The Broker’s Commission,” 41 La. L.R. 857 (1981); Burr v. Lequin, 365 So.2d 1156 (La. App. 3rd Cir. 1978); Trapani v. Katz, 198 So.2d 423 (La. App. 4th Cir. 1967); Acadian Inv. Co. v. Laird, 138 So.2d 429 (La. App. 3rd Cir. 1962).
It is well settled in this state that, since the listing agreement or real estate brokerage contract is an employment contract, it need not be in writing. Furthermore, even if the original contract is reduced to writing, it may be subsequently orally modified. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La. 1977); Naquin & Associates, Inc. v. Portage Plantation, Inc., 372 So.2d 821 (La. App. 3rd Cir. 1979); Young v. Smith, 366 So.2d 982 (La. App. 1st Cir. 1978).
The language of the listing agreement under consideration leaves no question but that it was intended by the parties to be an exclusive right to sell real estate brokerage contract. As we have explained, under this particular kind of listing agreement the broker is deemed to be the procuring cause of a sale and entitled to the stipulated commission regardless of the identity of the party who was the actual procuring cause of the transaction, even if the party was the owner himself. Therefore, unless this contract was modified, plaintiff is entitled to the 6% commission computed upon the sale price of the property, despite the fact that defendant was the actual procuring cause of the sale.
Our review of the record in this case leads to the conclusion that this written listing agreement was orally modified on two occasions after its execution. First, during the course of a telephone conversation, defendant agreed to reduce the asking price for the property from $415,000 to $350,000. Second, Mrs. Whitlock candidly admitted that she verbally consented to allow defendant to sell the property himself. Obviously, the parties understood that the defendant was precluded from exercising this privilege by the terms of the written contract. We find that the legal effect of *133 this last modification was to convert the exclusive right to sell listing agreement to an exclusive agency — since clearly the realtor had relinquished the exclusive right to find a purchaser for the property. Consequently, plaintiff broker no longer enjoyed the presumption that it was the procuring cause of a sale transaction, regardless of the actual procurer.
Since this sale was made by the employer, plaintiff could recover its commission only by proving that it was the procuring cause of the transaction. Lambert v. Brucker, 330 So.2d 640 (La. App. 4th Cir. 1976); Pumilia v. Dileo, 169 So.2d 581 (La. App. 4th Cir. 1964); Oldham v. Jones, 136 So.2d 310 (La. App. 2d Cir. 1961). Plaintiff does not even purport to make this claim, since Mrs. Whitlock frankly admitted that defendant was solely responsible for securing the buyer for the property. Therefore, the trial judge correctly held that plaintiff failed to prove its entitlement to the realtor’s commission.
For these reasons, we affirm the judgment of the district court, at appellant’s cost.

. The record reveals that the property was actually owned by Sparks Enterprises, Inc., a family corporation of which defendant was president and principal stockholder. However, in view of the basis upon which we dispose of this appeal, we do not reach the question of defendant’s liability for payment of a commission for sale of property which he did not own.