322 So.2d 442 (1975)
V-8 TAXI CAB SERVICE, INC.
v.
Pearl Hayes, wife of and Otha HAYES.
No. 7044.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rehearing Denied December 9, 1975.
*443 Frank S. Bruno, New Orleans, for plaintiff-appellant.
Jesse S. Guillot, New Orleans, for defendant-appellee.
Before REDMANN, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
This is an appeal from a dismissal of a suit by the owner of a taxi cab franchise against two operators of taxi cabs, husband and wife, for the collection of accumulated weekly fees for the use of a cab emblem and other services[1] provided by the franchise owner in connection with defendants' operation of taxi cabs.
Plaintiff claims defendants used the cab emblem and other services provided at an agreed weekly fee of $7.25 from May 27, 1970 through January 30, 1972, and at an increased agreed weekly fee of $8.25 from January 30, 1972 through June 3, 1973.
It is defendants' position that they had not agreed to pay for the services claimed. Defendants claim that although they used plaintiff's cab emblem, they did not use plaintiff's services. Otha Hayes maintained he used the cab emblem during the time that he originally owned the franchise and continued to do so after he sold the franchise to the plaintiff corporation. The trial judge concluded no agreement existed between the parties for payment of the weekly fees.
It is clear that no express agreement existed between the parties. However, plaintiff's claim is based on an implied agreement by defendants to pay the fee resulting from their use of the emblem and services for which other cab drivers agreed to pay the weekly fees. We do not agree.
LSA-C.C. art. 1811 states:
"The proposition as well as the assent to a contract may be express or implied:
"Express when evidenced by words, either written or spoken;
"Implied, when it is manifested by actions, even by silence or by inaction, in cases in which they can from circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent."
*444 In addition, LSA-C.C. art. 1816 in pertinent part states:
"Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract. * * *"
Silence and inaction are also, under some circumstances, the means of showing an assent that creates an obligation. LSA-C.C. art. 1817.
According to the Codal provisions, implied consent results from silence, action or inaction. We cannot conclude that Johnson, by silence or inaction, manifested his assent to the Hayeses' use of the V-8 emblem. In Hayes v. Johnson, 299 So.2d 566 (La.App., 4th Cir. 1974), the basic question presented for review was the ownership of the franchise granted by the City of New Orleans to operate a taxi cab service, along with the trade name, "V-8 Taxi Cab Service." This court in the earlier Hayes case pointed out that protracted litigation resulted from the claims of ownership of the franchise. In that case, we said:
"* * * There have been a number of law suits brought over the last several years litigating certain ancillary aspects of this basic question, and finally, the matter is before us on the merits."
Because of the extended litigation in which Hayes asserted his claim to ownership of the franchise, we cannot conclude that assent was manifested through silence, action or inaction.
Plaintiff's cause of action more properly comes within the concept of quasi, rather than implied in fact, contract. An implied in fact contract is one which rests upon consent implied from facts and circumstances showing a mutual intention to contract. A contract implied in law (quasi-contract) is without manifestation of consent, and is forced upon the parties by law.
The general concept of quasi-contractual obligations is based upon the principle that where there exists an unjust enrichment of one at the expense or impoverishment of another, the value of that enrichment or else, in some cases, the amount of the impoverishment, must be restituted. Planiol, Civil Law Treatise (La. Law Inst. trans.), II, § 812. In Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967),[2] the Louisiana Supreme Court set out the prerequisites for recovery in unjust enrichment. Those prerequisites are: (1) There must be an enrichment; (2) There must be an impoverishment; (3) There must be a connection between the enrichment and the impoverishment; (4) There must be an absence of "justification" or "cause" for the enrichment and impoverishment; and, (5) The action will only be allowed when there exists no other remedy at law.
Applying Minyard to the instant case, we conclude the first requirement, i. e., enrichment, is met. Defendants admitted they retained the V-8 emblem and telephone number on their cabs from May 27, 1970 to the present. Although we find no evidence in the record of a specific amount of monetary gain derived from use of the V-8 emblem, Otha and Pearl Hayes testified that the City of New Orleans requires a taxi cab driver to operate on a taxi line. Without the cab emblem, they would not be permitted to drive. Defendants were enriched by their use of the emblem.[3]
The second requirement, i. e., impoverishment, is broadly defined in French law as any diminution of the plaintiff's assets or the prevention of an opportunity for gain. See 43 Tul.L.Rev. 263, 285. This *445 requirement is met in the instant case. Otha Hayes, Annie Baker (former secretary-treasurer of V-8 Taxi Cab Corporation), Helen McGee (former operater of a V-8 cab) and Margaret B. Smith (a prior owner of V-8 Taxi Cab Service, Inc.) testified that the cost for the use of the V-8 emblem, alone, was $18.00 per year. The amount of this annual charge is not disputed by plaintiff. V-8 Taxi Cab Service, Inc., was deprived of the $18.00 annual fee.
A relationship exists between enrichment and impoverishment. Defendants were enriched to the extent of the annual charge for the use of the emblem, resulting in plaintiff being deprived of receipt of the annual fee. The third requirement of Minyard has also been met.
No cause or justification for enrichment exists because the parties did not enter into any express or implied in fact agreement. See Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974).
Finally, no remedy at law, in the absence of an express or implied contract, can serve as a vehicle for plaintiff's recovery. Requirements four and five have been met.
Accordingly, we conclude defendants were unjustly enriched and plaintiff is entitled to recovery.
We now turn to the question of quantum. The record does not support plaintiff's claim that defendants utilized any of the services for which the weekly fees were charged. Defendants' denials of the use of these services are virtually uncontradicted. Accordingly, V-8 is not entitled to payment of any weekly fees.
Defendants are liable to plaintiff in the sum of $18.00 per year for each year that each used the V-8 emblem, i. e., from May, 1970 until the date of trial. Plaintiff is entitled to recover from each defendant the sum of $18.00 per year from May, 1970 to May, 1975.[4] We compute this amount to be $90.00 per cab or a total of $180.00.
Accordingly, the judgment dismissing plaintiff's suit is reversed. Judgment is now rendered in favor of V-8 Taxi Cab Service, Inc., and against defendant, Pearl Hayes, in the sum of $90.00 and against defendant, Otha Hayes, in the sum of $90.00, with legal interest thereon on both judgments from date of judicial demand until paid. Costs to be paid by defendants.
Reversed and rendered.
REDMANN, Judge (concurring).
Defendants knew from their long connection with the taxi "line" that the charge for use of the emblem alone was $18 a year, at which price its use was apparently offered to anyone by plaintiff. By their act of using the emblem, defendants impliedly consented to pay that charge.
NOTES
[1] Office telephone number, cab office and cab stand.
[2] The Supreme Court relied on LSA-C.C. arts. 2292, 2293, 2294, 1965 and 21, the quasi-contract and equity articles.
[3] For a discussion of enrichment, see 43 Tul. L.Rev. 263, 280.
[4] Because of the absence of any evidence in the record indicating that the $18.00 charge was computed on a calendar year, we compute damages on an actual year basis.