GULOTTA, Judge.
Defendant, operator of three taxicabs, appeals from a judgment awarding plaintiff, owner of a taxicab franchise, damages in the sum of $848.25, representing accumulated weekly fees for the use of plaintiff’s cab emblem and other services.[1] We affirm.
Plaintiff contends that in 1969, defendant agreed to pay a weekly fee of $7.25. *477 According to plaintiff, from September 22, 1969 through September 28, 1971, defendant used the V-8 cab emblem, and was provided with other services at the agreed weekly fee. However, it is defendant’s position that during the period beginning January 25, 1971, the date defendant received a letter from City Hall notifying her of a dispute as to the ownership of the V-8 Taxi Cab franchise, defendant did not use any of the services provided by plaintiff, and after that date, no agreement existed for use of those services. According to defendant, the trial court erred in holding defendant responsible for the weekly charges. In support of this contention, defendant relies on the recent case of V-8 Taxi Cab Service, Inc. v. Hayes, 322 So.2d 442 (La.App. 4th Cir. 1975).
In the Hayes case, supra, based on a theory of quasi-contract, this court permitted V-8 recovery of an annual $18.00 fee for use of the cab emblem. The court found in Hayes that the cab drivers had been utilizing the V-8 emblem, but had not used any of the taxicab franchise’s other available services, i. e., office, telephone, cab stand, etc. In the instant case, unlike Hayes, the trial judge, in written reasons, found that plaintiff had entered into an agreement with defendant for use of the services provided by plaintiff, and further concluded that the services were “rendered by the corporation” to defendant. The record supports these conclusions.
McGee commenced operating three V-8 taxicabs on September 22, 1969. Defendant continued to pay the sum of $7.25 per week for the use of the cab office, cab stands and office telephone until January 25, 1971, the date defendant received the City Hall letter, notifying her of the ownership dispute.
It is not disputed that the V-8 cab emblem was located on defendant’s three cabs from September, 1969 until September 28, 1971, the date defendant discontinued operating on the V-8 line. In connection with the use of the services provided by V-8, McGee’s testimony is suspect. On the one hand, she denied using the services and on the other, • she admitted that if Johnson (the subsequently declared owner of V-8) owned the company, she owed the $7.25 weekly fee. Johnson testified the services were available and McGee had agreed to pay the fees. Considering the testimony of Johnson and McGee, we cannot say the trial judge erred in concluding that an agreement was entered into for the services which were rendered by the plaintiff corporation.
In arriving at the $848.25 award, the trial judge allowed $7.25 per week, for each of three taxicabs, for a 39-week period from January 28, 1971 to September 30, 1971. We find no error. The judgment is affirmed.

AFFIRMED.

. Office telephone number, cab office and cab stand.