GULOTTA, Judge.
Defendant, a taxicab operator, appeals from a judgment awarding plaintiff, owner of a taxicab franchise, damages in the sum of $1,019.25, representing accumulated weekly line fees for the use of plaintiff’s cab emblem and other services.[1] We affirm.
Plaintiff contends that as far back as 1967, defendant was paying the agreed $7.-25 weekly fee. According to plaintiff, defendant used the V-8 cab emblem, and other services were available to defendant, at an agreed weekly fee of $7.25 per week from July 8, 1970 through January 30, 1972, and at an increased agreed weekly fee of $8.25 from January 30, 1972 through May 27, 1973. Plaintiff also seeks $8.25 for each week subsequent to May 27, 1973 that remained unpaid.
The crux of defendant’s position is that from January 25, 1971, the date defendant received a letter from City Hall notifying him of a dispute as to the ownership of the V-8 Taxi Cab franchise, defendant did not use any of the services provided by plaintiff, and after that date, no agreement existed for use of those services. According to defendant, the trial court erred in holding him responsible for weekly charges. In support of this contention, defendant relies on the recent case of V-8 Taxi Cab Service, Inc. v. Hayes, 322 So.2d 442 (La. App. 4th Cir. 1975).
In the Hayes case, supra, based on a theory of quasi-contract, this court permitted V-8 recovery of an annual $18.00 fee for use of the cab emblem. The court found in Hayes that the cab drivers had been utilizing the V-8 emblem, but had not used any of the taxicab franchise’s other available services, i. e., office, telephone, cab stand, etc. In the instant case, unlike Hayes, the trial judge, in written reasons, found that plaintiff had entered into an agreement with defendant for use of the services provided by plaintiff, and further concluded that the services were “rendered by the corporation” to defendant. The record supports these conclusions.
Hill commenced operating a cab on the V-8 Taxi Cab Line on September 10, 1967. He continued to pay the sum of $7.25 per week for the use of the cab office, cab stands and office telephone until January 25, 1971, the date defendant received the City Hall letter notifying him of the ownership dispute. It is not disputed that the V-8 cab emblem was located on defendant’s cab from September, 1967 until August 24, 1973, the date defendant discontinued operating on the V-8 Taxi Cab Line.
*479 In connection with the disputed use of plaintiff’s services, defendant testified that if it were not for the receipt of the City-Hall letter, he would have continued paying the $7.25 weekly fee. Hill also stated that subsequent to January 25, 1971, he was aware that the V-8 cab stand located at Charity Hospital, cab office, cab telephone and V-8 operator were available for his use. Johnson (the president of V-8) testified the services were available and Hill had agreed to pay the weekly fees. When we consider the testimony of Hill and Johnson, we cannot say the trial judge erred in concluding that an agreement was entered into for the services which were rendered by the plaintiff corporation.
In arriving at the $1,019.25 award, the trial judge allowed $7.25 per week for 78 weeks beginning January 28, 1971, and ending January 30, 1972, for a total of $565.50. The trial judge further allowed $8.25 per week, the increased weekly fee, for the period from January 30, 1972 to August 24, 1973, for a total of $453.75.
We find no error. The judgment is affirmed.

AFFIRMED.

. Office telephone number, cab office and cab stand.