342 So.2d 1273 (1977)
Wade H. STEWART, Individually and as Administrator of the Estate of his minor son, Wade H. Stewart, Jr.
v.
ZURICH INSURANCE COMPANY.
No. 7847.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Sidney D. Torres, III and George N. Bischof, Jr., Chalmette, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, John Phelps Hammond and Kenneth V. Faherty, New Orleans, for defendant and third party plaintiff.
Dillon & Williams, David M. Cambre, New Orleans, for defendant in reconvention and for third-party defendant, appellee.
Before LEMMON, STOULIG and BOUTALL, JJ.
*1274 LEMMON, Judge.
This appeal by Harold Anderson's homeowner's insurer questions Anderson's liability for an injury sustained by five-year old Wade Stewart, Jr. in a fall from a children's climbing set in Anderson's yard. The following exhibit shows the set which Anderson purchased from a department store:

At the time of the accident the Stewarts were living next door to the Andersons. Wade and his brother were playing on their carport and wandered over to play with Anderson's son. Anderson gave the Stewart children permission to play in the yard where the set was located, and he left open the sliding glass door to the back yard. The children had been in the yard 20 to 30 minutes when Wade slipped and fell while descending the ladder in a proper manner. Anderson testified without contradiction that he checked on the children twice during this period of time.
Plaintiff (Wade's father as administrator of his estate) argues as a basis for liability that Anderson, aware of Wade's presence in his yard, should have determined Wade's ability to climb before: allowing him to play in proximity to the set, or should have in some manner instructed and/or closely supervised the child in the use of the apparatus. Plaintiff emphasizes in this respect that Wade's mother had instructed him not to climb on the set, although he admits that Wade had previously climbed ladders on slide sets.
Tort liability is based on the existence of a duty and the violation of that duty which results in damages. There was no evidence whatsoever that the equipment was defective in any manner. The visceral issue, therefore, in determining the existence of any duty by Anderson toward Wade depends on a determination of whether the apparatus inherently constituted such an unreasonable risk of danger as to impose a duty to take special precautions when a normal five-year old child is allowed access to the apparatus.
Mrs. Mary Ann Bendler, the head of Newcomb College Nursery School who had a master's degree in early childhood education and ten years of experience in the field, was presented to testify in an expert capacity as to appropriateness of this type of play equipment for five-year old children and the supervision and instruction necessary for its use. Her testimony was not allowed by the trial judge. We deem this ruling erroneous, but since the evidence is in the record by means of a proffer and counsel agreed at oral argument that the record was complete if this court determined the testimony should be included, we proceed to consider this testimony in reviewing the record.
Mrs. Bendler opined that this particular playground apparatus was satisfactory and appropriate for use by children as young as three years and was certainly safe and proper for five-year old children. She further testified that children of this age group require only general supervision in playing on this type of equipment so as to prevent such dangerous activities as jostling for turns or climbing while holding an object in the hand, or to be available if fear develops. As to simple climbing, she observed that five-year olds are stable and naturally good climbers, and she stated that *1275 the set was within the capability of a normal child of that age to use safely without the need of special instructions or extraordinary supervision.
The record shows that Wade appeared to be a normal five-year old child and in fact was older and bigger than Anderson's child. From our consideration of the expert testimony and the entire record, we find no reasonable basis on which to conclude that the playground apparatus in question presented such an unreasonable risk as to impose any special duty on Anderson either to render special instructions or to determine whether every apparently normal five-year old child using the apparatus was specially skilled in climbing or other use of such equipment. Furthermore, from a causation standpoint, neither failure to determine Wade's skill nor failure to instruct him in climbing was a cause-in-fact of this accident, since Wade had climbed ladders before and was in fact descending properly when he slipped.
As to supervision, while special circumstances (not shown in this record) may have required imposition of a greater duty of supervision, the circumstances that are shown did not reasonably require more than the general supervision that Anderson was providing. Moreover, since Wade fell while he was descending the ladder in a proper manner, not even Anderson's presence within a few feet of the set would have prevented this accident, and thus Anderson's mere absence from the yard was not the cause of the accident.
For these reasons, the judgment of the trial court is reversed, and it is now ordered that the plaintiff's suit be dismissed. Each party is to bear his own costs.
REVERSED AND RENDERED.