342 So.2d 1275 (1977)
OLYMPIA COMPANY, INC. and Olympia Roofing Co. Inc.
v.
GERVAIS F. FAVROT COMPANY, INC.
v.
CLEARVIEW VETERANS, INC.
No. 7859.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
*1276 William J. Manion, Metairie, for plaintiffs-appellants, Olympia Co., Inc. and Olympia Roofing Co. Inc.
Baldwin, Haspel, Molony, Rainold & Meyer, Robert R. Rainold, New Orleans, for defendant-appellee, Gervais F. Favrot Co., Inc.
Lemle, Kelleher, Kohlmeyer & Matthews, C. Murphy Moss, Jr., Stanley A. Millan, New Orleans, for defendant-appellee, Clearview Veterans, Inc.
Before GULOTTA, SCHOTT and MORIAL, JJ.
GULOTTA, Judge.
Plaintiff, a subcontractor, appeals a judgment maintaining an exception of no cause of action filed by an owner, Clearview Veterans, Inc., in this claim against the owner and the general contractor, Gervais F. Favrot, for nonpayment of a balance due on a contract between the general contractor and the subcontractor for construction of a roof. The contract price was $131,000.00; the principal amount claimed by Olympia is $15,289.63, representing the balance withheld by Favrot.
The basis upon which the trial court dismissed plaintiff's petition against the owner is that no privity of contract existed between the subcontractor-Olympia and the owner-Clearview.
Plaintiff alleges that the owner engaged the general contractor to construct the Clearview Shopping Center. Favrot subcontracted the roofing work to Olympia. Plaintiff alleges further that the contract price has been paid except for the balance retained by Favrot. In a supplemental petition, plaintiff alleges that the building had been accepted by Clearview on November *1277 5, 1969; that the roof was damaged by a hailstorm which occurred on March 18, 1972; and that full indemnification was made by the insurer to the owner. According to the petition, $173,657.00 was received by Clearview from its insurer, and only $123,347.00 was paid to a third party roofer who completed the repairs. Olympia claims receipt of the funds from the insurer and payment to the third party roofer by Clearview, without payment to plaintiff, constitutes an unlawful conversion of the funds and unjust enrichment to the owner. No liens were filed by the subcontractor-plaintiff or, if liens were in fact filed, they were released.
In making an attempt to circumvent the privity-of-contract theory, plaintiff seeks to invoke concepts of: 1) contract for the benefit of a third party; 2) unjust enrichment; 3) tort, conversion and traver; and, 4) quantum meruit.
Having examined the allegations of the petition and the supplemental and amended petition, we conclude, as did the trial judge, that Olympia's suit is one solely for the breach of the contract between it and the general contractor. The trial judge properly dismissed plaintiff's petition on the ground that no privity of contract existed between the owner and the subcontractor.
In Lumber Products, Inc. v. Hiriart, 255 So.2d 783 (La.App.4th Cir. 1971), relied upon by the trial judge, we dismissed a reconventional demand by an owner against a subcontractor for his defective workmanship. We concluded that the owner's action was one in contract arising from the subcontract; that the owner was not privy to the subcontract; and, therefore, that this action could not be maintained against the subcontractor. The owner's only remedy was against the general contractor with whom she had privity of contract. Similarly, in Pittman Construction Company v. Housing Authority of New Orleans, 169 So.2d 122 (La.App.4th Cir. 1964), writs refused, 247 La. 343, 344, 345, 346, 347, 348, 170 So.2d 865, 866 (1965), we affirmed the trial court's dismissal of a subcontractor's claims against the owner. See also Chemical Cleaning, Inc. v. Brindell-Bruno, Inc., 186 So.2d 389 (La.App.4th Cir. 1966) and State ex rel. Guste v. Simoni, Heck and Associates, 297 So.2d 918 (La.App.1st Cir. 1974).
Plaintiff claims the following provision of the contract between Favrot and Clearview which provides:
". . . the intent of the insurance is to cover, completely, the cost of replacement of any work under this contract which is lost or damaged before final acceptance of the contract work by the owner." (emphasis ours)
constitutes a stipulation for the benefit of a third party, i.e., Olympia. As a third party beneficiary, Olympia contends it is entitled to receive from Clearview proceeds paid to the owner by the windstorm insurer for damages occasioned by the hailstorm.
We find no merit to this argument. The insurance provision clearly states "before final acceptance of the contract work by the owner". The building was accepted on November 5, 1969. The hailstorm occurred on March 18, 1972. Moreover, Clearview obtained this insurance to protect itself from bearing the cost of repairs occasioned by the hailstorm. The insurance was obtained for Clearview's benefit, not Olympia's benefit. Accordingly, we conclude that the insurance contract purchased by Clearview was not a contract for the benefit of a third party, i.e., Olympia.
We reject also plaintiff's further claim that Clearview has been unjustly enriched by receiving proceeds from the windstorm insurer in excess of the damage caused by the hailstorm. Any claim for excessive payment is between Clearview and its insurer, and not Olympia. One of the requirements of recovery under unjust enrichment is the existence of a connection between the enrichment and the impoverishment. See Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967); V-8 Taxi Cab Service, Inc. v. Hayes, 322 So.2d 442 (La.App.4th Cir. 1975). No connection *1278 exists between the defendant-owner and plaintiff-subcontractor in the instant case.
Olympia alleges in its petition and urges on appeal that Clearview's removal of the damaged roof following the hailstorm and use of the insurance proceeds in paying a third-party contractor to apply a new roof without having paid Olympia's demand for the retainage amounts to a tortious conversion of the funds by Clearview. We find no merit to this argument. We reiterate that plaintiff's pleadings allege the damage occurred to the roof after the building had been accepted. Clearview owned the building and rightfully received the insurance proceeds. No action lies under LSA-C.C. art. 2315. Even assuming, arguendo, that a tort occurred as alleged in 1972, the petition was filed on January 20, 1976, after prescription had tolled. LSA-C.C. art. 3536.
Finally, we reject Olympia's claim for relief on a theory of quantum meruit. If plaintiff is entitled to recovery, relief can be awarded against the contractor based on a breach-of-contract theory. Where a party seeks relief based on the existence of a contract, relief under quantum meruit is not available. See Dalgarn v. New Orleans Land Co., 162 La. 891, 111 So. 271 (1927); Mid-State Tile Company v. Chaudoir, 77 So.2d 552 (La.App.2d Cir. 1955); Oldham v. Jones, 136 So.2d 310 (La.App.2d Cir. 1961).
Accordingly, the judgment of the trial court maintaining Clearview Veterans, Inc.'s exception of no cause of action and dismissing plaintiff's suit as against Clearview is affirmed.
AFFIRMED.