PRICE, Judge.
This is an action for a reduction in the sales price of a residence because of a defective foundation. Two issues are presented on appeal: (1) Whether depreciation damage beyond the costs of repair can be assessed against a good faith seller in an action for quanti minoris, and (2) Whether a third party defendant is an indispensable party.
The pertinent facts are: Arnold Construction Corporation, the third party de *1090 fendant in this case, constructed a house in Shreveport and sold it to Mr. and Mrs. Kenneth Talley in 1971. In 1972, after the Talleys complained that they discovered the slab of the house was cracked, Arnold repurchased the residence from them. In 1973, Arnold sold the house to defendants, David and Catherine Frantom. Defendants sold the house in 1975 to plaintiffs, Carl and Judy Firmin, for $13,000 cash and the assumption of a $22,691.22 mortgage. Plaintiffs thereafter learned that the slab was cracked and sued defendants for a reduction of $12,500 in the purchase price.
Defendants in their answer made Arnold Construction Corporation a third party defendant as their warrantor for any liability incurred by them. Arnold Construction Corporation filed a peremptory exception to the third party demand based on prescription. The trial of the exception was continued by agreement of counsel to a date two weeks beyond the trial on the main demand, and thereafter, continued again indefinitely-
After trial on the merits of the principal action the court found defendants liable, but limited their liability to that of a good faith seller because they were unaware of the defect. The trial court awarded plaintiffs $8,981 for estimated cost of repairs and $3,212.25 for depreciation in market value of the home because it has experienced such a defect in the foundation.
Defendants’ initial argument is that the trial court’s finding that they were in good faith precludes the award to plaintiffs of loss in market value as this is in the nature of damages which can only be assessed against a bad faith seller under La. C.C. Art. 2545. Defendants are incorrect in • their assumption that the $3,212.25 allowed for market depreciation constitutes an award of damages and is precluded under C.C. Art. 2545 because of defendants’ good faith. The Supreme Court has declared that a determination of diminution in an action of quanti minoris involving realty is not easily ascertainable and several factors should be considered in the computation, such as the market price of the realty at a subsequent sale, any added improvements, increases in market prices, depreciation due to use, or any other factors causing a change in the property’s worth. Lemonier v. Coco, 237 La. 760, 112 So.2d 436 (1959). Recovery has been allowed against a good faith seller for depreciation in addition to the costs of repair. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir. 1974), writ refused 303 So.2d 186 (La.1974). In Menville, the court concluded that the cost of repair is not necessarily the sole measure of diminution value, and the fact must be taken into account that a reasonable buyer who is forewarned of the defects and subsequent repair may still offer a lower bid than for a similar object which has had no repair. In Menville, the court held that even though the defects were repaired, a forewarned buyer would have purchased the object only after a 20 percent reduction in price as compared to a similar object which had never had such defects. When the defect, after repair, still reduces the market price below that which it would have been had no defect and subsequent repairs occurred, the good faith seller is liable therefor, and such an award is merely compensatory of the defect and not within the scope of damages as provided under C.C. Art. 2545.
Defendants’ second contention is that Arnold Construction Corporation who was made their third party warrantor, is an “indispensable party,” and any award rendered without it would be inequitable. Regardless of whether the entire controversy could have been more fully adjudicated had the third party demand been tried with the main demand, the failure to do so has no prejudicial effect on defendants’ rights against Arnold Construction. These circumstances pose no real issue of a failure to join an indispensible party, and defendants’ argument has no merit.
Furthermore, counsel for defendants agreed to a continuance of the trial on the exception of prescription filed by the third party defendant to a date later than the trial of the principal demand. He then proceeded to trial on the principal demand without objection.
*1091 For the foregoing reasons, the judgment is affirmed at appellants’ cost.