405 So.2d 660 (1981)
GURTLER, HEBERT AND COMPANY, INC.
v.
WEYLAND MACHINE SHOP, INC.
No. 12021.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1981.
Rehearing Denied November 20, 1981.
*661 Bagalman & Fabacher, Marks H. Bagalman, Robert J. Fabacher, Jr., Metairie, for appellee.
Stassi & Rausch, Joseph W. Rausch, Edward N. George, III, New Orleans, for appellant.
Before SAMUEL, GULOTTA, BOUTALL, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
This dispute arises out of a contract for the construction of an outside stairway for the Charity Hospital at New Orleans. Defendant, a sub-contractor of the plaintiff-contractor, appeals from the dismissal of his third party demand against the architect.
The petition filed by Gurtler, Hebert & Company, Inc. alleges that a purchase order was issued to Weyland Machine Shop, Inc. for the furnishing and delivery of certain steel to be used in the construction. According to the petition, Weyland furnished incomplete and unacceptable shop drawings and failed to provide the structural steel as agreed to in the original purchase order, resulting in delays in the supply of steel and causing damage to the plaintiff-contractor.
In a third party petition incorporated in an answer to an amended petition, Weyland Machine asserts that the delays complained of by Gurtler, Hebert resulted from the failure of the architect, Cimini, Meric, Burns, Counce, Inc. "to provide a satisfactory and complete set of architectural drawings from which shop drawings could be made resulting in multiple revisions, and, eventually, the creation of a new set of shop drawings ..." Also alleged in the third-party complaint is that the architect "improperly and unreasonably withheld its approval for shop drawings which were prepared and completed in a timely fashion." Weyland seeks in this complaint recovery against the architect in the event that it should be found liable to plaintiff.
The exception of no cause of action and/or no right of action filed by the third-party defendant, asserts, in essence, that because no privity of contract exists between the architect and the third-party plaintiff sub-contractor, Weyland Machine, the sub-contractor is not entitled to recovery against the third-party defendant. The language in the exception states that the architect "is not a party to the contract with Gurtler, Hebert and Company, Inc. or Weyland Machine Shop, Inc."
Without written reasons, the trial judge maintained the exception and dismissed Weyland's third-party demand.
Weyland, appealing, acknowledges the non-existence of privity of contract but claims recovery is not based upon breach of contract but tort. The material allegations *662 are that the architect failed to provide adequate plans and specifications, to act reasonably in approving or rejecting the shop or detailed drawings submitted by Weyland and to notify timely other sub-contractors and suppliers "of decisions solely within its discretion", leading to delays and cost overruns complained of by plaintiff in its main demand.
The architect, on the other hand, claims that as the agent of a project owner, the State of Louisiana, it is to provide supervision for the benefit of the state. According to the architect, a duty is owed to the state by the architect but not to the sub-contractor as claimed by third-party plaintiff. Third-party defendant claims if the sub-contractor suffers an economic loss, he may have recourse against the project owner but, absent privity of contract between the architect and the sub-contractor, no recovery can be had against the architect.
Without question, no privity of contract exists between the third-party plaintiff sub-contractor and the third-party defendant architect. We are therefore confronted with the question whether a sub-contractor made defendant in a suit by the contractor for breach of contract can assert in a third party demand a cause of action in tort against the architect where no privity of contract exists between the architect and his sub-contractor. We hold that the sub-contractor has a right to assert his cause of action against the architect. Accordingly, we reverse the judgment of the trial court.
In Media Pro. Consult., Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (1972) the Supreme Court, confronted with a redhibition suit between a consumer and a manufacturer allowed the consumer "without privity to recover, whether the suit be strictly in tort or upon implied warranty." Admittedly, factually and otherwise, the Media production case is distinguishable from the instant suit. Nonetheless, the recognition of the acceptability of the right of a consumer to recover in tort where no privity of contract exists is significant.
In a factually similar case, the U.S. District Court for the Eastern District of Louisiana in C. H. Leavell and Co. v. Glantz Contracting Corp. of La., Inc., 322 F.Supp. 779 (E.D.La.1971) dismissed, by summary judgment, a suit by a contractor against the architect and the general contractor, but further concluded that other claims in tort by the contractor were viable.
In Lumber Products, Inc. v. Hiriart, 255 So.2d 783 (La.App. 4th Cir. 1972), this court held that a building owner without privity with a sub-contractor was not entitled, in a reconventional demand, to maintain a cause of action against the sub-contractor where the contract existed between the contractor and sub-contractor. However, in that opinion we stated:
"Where the damage sued for is the defectively performed work itself, the action is strictly a contractural one and only those who are in privity with the contractor have an action against him. However, where the damage sued for is not the defective work but is instead damage caused by the defective work, a tort action against the contractor is proper when the elements for delictual recovery are present."
See also, Olympia Co., Inc. v. Gervais F. Favrot Co., 342 So.2d 1275 (La.App. 4th Cir. 1977).
From our consideration of the foregoing cases, we conclude that absent privity of contract a cause of action cannot be asserted based on breach of contract; however, this does not preclude asserting a claim for damages based on the wrongdoer's tort. Indeed, in Am. Fid. Fire Ins. v. Pavia-Byrne Engineering, 393 So.2d 830 (La.App. 2d Cir. 1981) the Second Circuit recently held that a surety without privity with the owner's engineer could nonetheless assert a cause of action against the engineer in tort for loss of retainage caused by the engineer's breach of its duty to render engineering services properly with the care and skill of other engineers under like circumstances.
Applying this rule, we now turn to the allegations in the third party demand to ascertain whether or not they assert a cause *663 of action in tort by the sub-contractor against the architect. The pertinent allegations of the original third party demand are as follows:
"6. Any delays complained of in petitioner's main demand resulted from the failure of Cimini, Meric, Burns, Counce, Inc., (hereinafter architects) to provide a satisfactory and complete set of architectural drawings from which shop drawings could be made resulting in multiple revisions and, eventually, the creation of a new set of shop drawings which would not have been necessary had sufficient and proper set of architectural drawings been provided from the commencement of the project.
7. Third party plaintiff additionally avers that third party defendant, architects, improperly and unreasonably withheld its approval for shop drawings which were prepared and completed in a timely fashion."
In an amended third party demand, the above allegations were amended as follows:
"9. Cimini, Meric, Burns, Counce, Inc. (hereinafter `architect') failed to provide Weyland Machine Shop, Inc. with a satisfactory set of architectural and structural drawings consistent with each other, showing correct elevation, correct bevels, special or particular requirements of the architect, and other information required to prepare a set of detailed drawings acceptable to the architect within the term contemplated by Weyland Machine Shop, Inc. at the outset of its relationship with plaintiff in the main demand.
10. Architect, through its agent, Beall Engineer, Inc., and by its own actions and inaction, improperly and unreasonably delayed and withheld its acceptance of detailed drawings which were ultimately adequately prepared and submitted for approval in a timely fashion.
11. Architects additionally delayed providing H. H. Robertson, Inc., a materialman to the project, with information concerning its decisions as to matters solely within its discretion which were the sole cause of the delays in completing the purchase order with H. H. Robertson, Inc. and which was the sole cause of any increase in H. H. Robertson's contract price as alleged in the main demand.
12. Architect's failure to provide adequate plans ab initio, its failure to act reasonably or timely on the submittals of detail drawings, and its failure to provide materialmen with necessary information within its discretion and control, is the sole cause of the delays complained of in the main demand."
We conclude from the allegations contained in the original and amended third party demands that a cause of action in tort is asserted by third party plaintiff.
Accordingly, it is ordered that the judgment maintaining the exception of no cause and/or no right of action filed by Cimini, Meric, Burns, Counce, Inc. is reversed and set aside. The matter is now remanded to the trial court for further proceedings. Costs to await the outcome of the litigation.
REVERSED AND REMANDED.
SAMUEL, Judge, dissenting.
The contractual duties involved here are owed by the architect only to the owner, in this case the state. Because of an absence of privity of contract, the architect (the third party defendant) owes no such duties to the subcontractor (the third party plaintiff). And in my view, as pleaded, the actions of the architect on which the subcontractor seeks to base liability are contractual and not tortuous.
Apparently the majority is concerned about depriving the subcontractor of an opportunity to obtain the indemnity he seeks against the architect. But the architect's actions, if proved as pleaded, would constitute a valid and sufficient defense to the general contractor's demand in the original suit, and thus the subcontractor would suffer no harm. On the other hand, if the subcontractor cannot prove those actions as alleged, they would not defeat the original demand, nor could they form the basis for a judgment in favor of the subcontractor against the architect.
*664 As I would affirm the judgment appealed from, I respectfully dissent.
GARRISON, Judge, dissenting.
The allegations of defendant Weyland against the third-party defendant, the architect, necessarily rest upon a contractual premise. See C. H. Leavell & Co. v. Glantz Contracting Corp. of La., 322 F.Supp. 799 (E.D.La.1971). There are no allegations by defendant Weyland as to its having incurred tortious damages.
More specifically, Weyland's Answer to the Amended Petition by which the architectural firm was joined as a third party, as well as Weyland's Answer to the Second Amended Petition and Weyland's Amended Third-Party Demand, seek only that Weyland be indemnified should Weyland be found liable. Indeed, at this time Weyland has suffered no damages nor loss because judgment has not been rendered against it. Where there is no loss, it is axiomatic that an action for damages will not lie.
Accordingly, the exception dismissing Weyland on the basis of lack of privity was properly granted.