KLEES, Judge.
Plaintiff appeals from a judgment dismissing his petition for damages on an exception of no cause of action. The issue presented in this appeal is whether the original, supplemental and amending petitions of plaintiff stated a cause of action. The trial court concluded that they did not; we agree and affirm.
FACTS
Oceanic Contractors, Inc. (“Oceanic”) contracted on June 2,1977, with Raymond San-born for Sanborn to work as a project superintendent in Dubai, United Arab Emirates. The project which Sanborn was to supervise was the construction of a gas processing plant being built for Scimitar Oils Limited, S.A. (“Scimitar”). Sanborn began working for Oceanic on June 2, 1977, but tendered his resignation on June 29, 1978, effective September 30, 1978.
On July 17, 1979, Sanborn executed a contract with Scimitar whereby he was to return to Dubai as its representative in connection with the processing plant being built by Oceanic.
Subsequent to Sanborn’s agreement with Scimitar, Scimitar informed Sanborn that it could not hire Sanborn because Oceanic would not issue a release so that the immigration authorities of the United Arab Emirates could issue Sanborn another work permit. The local immigration laws of the United Arab Emirates provide that in order for a United States Citizen to enter the United Arab Emirates for employment purposes, he must have his employer based in the United Arab Emirates execute the necessary immigration documents in order for *233 him to obtain a work permit. In the event that the employee leaves the employment of the employer that originally sponsors him, he can only begin work for another employer if his initial employer contacts the immigration authorities of the United Arab Emirates in order to cancel the employer’s work permit. Approval by their Immigration and Naturalization Administration is also a requirement.
Plaintiff filed suit against Oceanic alleging tortious interference with contractual relations, seeking to recover the sum of money which he would have earned had he been able to enter into employment with Scimitar. Oceanic filed an exception of no cause of action, after hearing of which, the trial court sustained the exception and dismissed plaintiff’s suit.
Plaintiff argues that Oceanic’s refusal to give their consent to his employment with Scimitar was an intentional interference with contractual relations, a tort which he contends is actionable in Louisiana.
Defendant argues that a cause of action for interference with contractual relations does not exist in Louisiana.
Absent privity of contract, a cause of action cannot be asserted based on breach of contract; however, this does not preclude asserting a claim for damages based on the wrongdoer’s tort. Gurtler, Hebert and Co. v. Weyland Machine Shop, 405 So.2d 660 (La.App. 4th Cir.1981), writ denied, 410 So.2d 1130 (La.1982).
It is understood that the commission of a tort requires the existence of a duty and the violation of that duty. Stewart v. Zurich Inc. Co., 342 So.2d 1273 (La.App. 4th Cir.1977). For appellant to be liable, its interference must have been tortious, i.e., appellant must have breached a duty that it owed.
In the case before us, the statute requiring the consent of the sponsoring employer in order for the employee to change employers is Rule 11 of the United Arab Emirates law “Federal Law No. (6) for the year 1973 on the Matter of Immigration and Residency”. As translated this rule states:
“Rule 11. If the visa is for a visit, the alien is prohibited from working in any part of the country with or without pay or as owner of a business.
And if the visa is for employment for any person or organization, then the holder is prohibited from working for any other person or organization unless the written consent of that person or organization coupled with that of the Immigration and Naturalization Administration are given.”
Under United Arab Emirates Law, there is no requirement or obligation for the initial employer to consent to allowing an individual to go to work for another organization.
In his Reasons for Judgment, the trial court stated:
“The reason I am sustaining the objection of no cause of action is because the Court does not believe as a matter of law the company has the affirmative obligation to release someone as being free to work for another company. I do not believe they have that obligation to take an affirmative step to declare that someone may go someplace else and work someplace else after their contract of employment itself has been terminated...
It is the Court’s impression previously, that Oceanic was retaining a work permit and refused to return that work permit to the individual worker. As I understand, the work permit is and has been in the hands of the individual worker but it contains a clause that says it has been issued for work with Oceanic.
The immigration laws indicate that before that employee can go and work for another company, he must have two things. One is an affirmative declaration by the employer that he is free to go someplace else and, number two, an approval of the immigration authorities to work for the second company.
So there is no misunderstanding, I am deciding solely on the basis that I find no affirmative action required by Oceanic.”
*234 We also agree with the trial court’s position that Oceanic had no obligation to release plaintiff so that he could obtain a work permit for Scimitar.
Under the facts as presented to the court, we can find no duty imposed upon defendant to grant its consent for plaintiff to seek employment with another employer in the United Arab Emirates. Absent that duty, there exists no cause of action.
Accordingly, for the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.