438 So.2d 681 (1983)
Paul Eugene EMOND, Jr., et ux., Plaintiffs-Appellants-Appellees,
v.
TYLER BUILDING AND CONSTRUCTION COMPANY, INC. et al., Defendant.
No. 15630-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Rehearing Denied October 20, 1983.
*683 Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for plaintiffs-appellants-appellees.
Nelson Moak, Benton, for defendant-appellee, Tyler Bldg. & Const. Co.
Frederick L. Miller, Shreveport, for defendant-appellant, Robert E. Jones & Assoc., Inc.
William L. Lowe, Shreveport, for third-party defendant and appellee, Mike Harlan.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
This is an action by home owners, the Emonds, against the builder of their home, Tyler Building and Construction Co., Inc., and the designer of its foundation, Robert E. Jones & Associates, Inc. Tyler made a third party demand against Jones. The *684 Emonds and Jones both appeal a judgment, rendered after a trial on the merits, awarding judgment in favor of the Emonds against Tyler but sustaining an exception of no right of action and rejecting their demands against Jones and awarding judgment in favor of Tyler on its third party demand against Jones. We amend and affirm.
On June 2, 1978, the Emonds purchased a house on lot 21 of the Steeple Chase subdivision in Shreveport, Louisiana. The Emonds bought the house from Tyler who had built it on a foundation designed by Jones. The house suffered extensive damage in July 1980, when its foundation failed.
The Emonds brought this action seeking a reduction in the price of the house, damages and attorney's fees. Tyler made a third party demand against Jones. Jones interposed an exception of no right of action to the main demand.
After a four day trial on the merits the district judge granted judgment on the main demand in favor of the plaintiffs and against Tyler in the amount of $17,265.35 and on the third party demand in favor of Tyler and against Jones in the amount of $15,665.35.
Jones' motion for a new trial was denied and these appeals followed. The appeals raise the following primary issues:
1) do the Emonds have a right of action against Jones;
2) was the design of the foundation a cause of the damage to the house;
3) was the foundation negligently designed;
4) may the Emonds recover for the reduced market value of their house; and
5) may the Emonds recover for their mental anguish.
Issue # 1
Jones has interposed an exception of no right of action to the main demand. The basis for the exception is that there is no privity of contract between Jones and the Emonds.
The exception of no right of action tests whether the plaintiff is in the class to which the law extends a remedy. Frazier v. Green Steel Bldg., Inc., 409 So.2d 1290 (La.App. 2d Cir.1982).
Though the petition is couched primarily in terms of an action on a contract or in redhibition, it also alleges that Jones committed the tort of malpractice and thereby injured the plaintiffs.[1] The plaintiffs, the victims of the alleged tort, are the proper parties to assert the action.
The exception of no right of action is not well founded and should have been overruled.
Issue # 2
Jones argues that the damages were caused not by its design of the foundation as found by the district judge, but instead by improper site preparation and the characteristics of the soil.
Causation is a question of fact upon which the trial judge's findings may not be disturbed absent manifest error. Causey v. Monroe, 421 So.2d 1151 (La.App. 2d Cir.1982), writ denied, 426 So.2d 180 (La. 1983). Conduct is a cause in fact of an injury if it is a substantial factor in bringing about the harm. Taylor v. State, 431 So.2d 876 (La.App. 2d Cir.1983).
The foundation for the plaintiffs' house was actually designed by Ron Smith, an employee of Jones. Smith designed the foundation without having the soil of lot 21 tested and without examining the site. He designed the foundation without the grade beams required by sound engineering practice.
Had Smith, an engineer, ordered soil testing the unstable characteristics of the soil on the lot would have been discovered and could have been protected against. Smith's failure to order soil testing and his failure to include the grade beams required *685 by sound engineering practices were both substantial factors in the failure of the foundation and resultant damage to the plaintiffs.
The district judge's conclusions as to causation are correct.
Issue # 3
We now consider whether the foundation was negligently designed. This involves two inquiries: first, whether the engineers owed a duty to the plaintiffs to protect against the risk encountered and, second, whether that duty was breached.
An engineer owes a duty to exercise the degree of professional care and skill customarily employed by others of his profession in the same general area. Am. Fid. Fire Ins. v. Pavia-Byrne Engineering, 393 So.2d 830 (La.App. 2d Cir.1981), writ denied, 397 So.2d 1362 (La.1981). This duty extends in favor of both owners and users of the project upon which the engineer works. See Am. Fid. Fire Ins. v. Pavia-Byrne Engineering, supra. (Engineers duty extended to surety of project); Gurtler, Hebert & Co. v. Weyland Mach. Shop, 405 So.2d 660 (La. App. 4th Cir.1981) (architect's duty extended to sub-contractor).
It cannot be seriously argued that the Emonds and Tyler are not within the scope of the duty owed by Jones. Further, the risk that was encountered, damage from the failure of an inadequate foundation, is one which the engineer should have protected against.
The decisive question with respect to Jones' liability to Tyler and the Emonds is whether its employee, Smith, breached its duty to them. There are two possible breaches of this duty suggested by the record: first, the failure of the engineer to have the soil tested in order to determine how the foundation should be designed to meet the soil characteristics of the site; and, second, the failure of the engineer to include the grade beams required by sound engineering practice.
With respect to the first possible breach Jones contends that the professional standard of engineers in the Shreveport area was to rely on soil data furnished by the FHA. The flaw in this position is that the evidence does not support it. The record indicates that, though some engineers rely exclusively on FHA data, this is not a general practice followed by all engineers. The record also shows that, to whatever extent that practice is followed, it is one that has developed among some Shreveport engineers and is not in accord with sound engineering principles.
The testimony of plaintiff's three engineers corroborated to some extent by one of the defendant's engineers, fully support these conclusions and the trial judge's determinations are fully supported by the evidence. Jones' employee, Smith, breached his professional duty in failing to obtain soil data for lot 21 before designing the foundation.
With respect to the second possible breach we note particularly the testimony of Mr. Stanley Cothern, a civil engineer called as an expert witness by Jones. Cothern testified that sound engineering principles required that grade beams be placed at least every twenty feet in a foundation of the type designed for the house in question. He also indicated that they may have to be placed even closer for additional strength under some soil conditions. The foundation of the Emond home does not have grade beams even every twenty feet.
The duty owed to the Emonds and Tyler was breached by the engineer's failure to design a foundation which met even the minimum requirements of sound engineering principles.
The foundation was negligently designed by Jones' employee, Smith, and Jones is responsible to the Emonds and Tyler for the damages suffered.[2]
*686 Issue # 4
The Emonds contend they are entitled to recover for the loss of market value of their home due to the structural problems. The trial judge found that no loss of market value had been adequately proven.
Damages for loss of market value may be recovered, see Firmin v. Frantom, 354 So.2d 1089 (La.App. 2d Cir.1978), but the plaintiff must prove them as he must prove every element of damages claimed. Reid v. Allstate Ins. Co., 407 So.2d 34 (La. App. 3d Cir.1981).
The plaintiffs attempted to prove this element of damages through the testimony of Mr. Francis Grigsby, a Shreveport realtor. Though Grigsby's primary experience is as a realtor and his appraisals are not widely accepted in the Shreveport financial community, he was allowed to testify as an expert on the strength of one course in appraising and his experience in the field.
Grigsby opined the Emonds' house was worth $5,000 less than an identical house without foundation problems. He admitted that his procedure in appraising the house was "pretty subjective." His testimony also shows that his appraisal was based on the incorrect assumption that the house was one year old rather than its actual age of three years at the time of the appraisal.
The weight given the testimony of an expert is determined by his qualifications, experience in the field and the facts upon which his opinion is based and the trial judge has considerable discretion, which should not be disturbed absent manifest error, in accepting or rejecting such testimony. Henderson v. Diamond Datsun, Inc., 413 So.2d 542 (La.App. 4th Cir.1982).
The trial judge did not err in finding the testimony of Grigsby insufficient to prove a loss of market value. Though Grigsby has done some appraising his educational qualifications for such work are quite limited. Further, his opinion was based on an incorrect assumption of facts. These circumstances combine to render his opinion of no probative value.
The demands for loss of market value were correctly rejected as not proven.
Issue # 6
The plaintiffs complain of the failure of the trial judge to award damages for mental anguish.
The trial judge considered the availability of such damages against defendant Tyler only. The demand for mental anguish damages against defendant Tyler was properly rejected. See Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979) (mental anguish damages not recoverable in an action based on a contract).
However, the plaintiffs' action against defendant Jones is founded in tort and, therefore, mental anguish damages caused by injury to plaintiffs' property may be allowed against this defendant. Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir.1965), writ refused, 248 La. 909, 182 So.2d 662; Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir.1966), writ refused, 249 La. 199, 186 So.2d 159 (La.1966); Lambert v. Allstate Insurance Company, 195 So.2d 698 (La.App. 1st Cir.1967).
The record shows that the Emonds are home oriented people. They were seriously and justifiably upset by the dilapidated condition of their almost new home and the difficulties and inconveniences occasioned by the attempts to repair it. We find that the plaintiffs are entitled to an award of $8,000, $4,000 each, for damages due to mental anguish.
Other Matters
In brief, Jones contends that all claims against it are prescribed and states that prescription was pleaded in its answer to the third party demand. The record contains no such pleading and the minutes do not indicate that any such pleading was ever filed. Prescription must be specially pleaded and cannot be raised by the court, C.C.P. art. 927, thus, the issue of prescription is not properly before us and we decline to pass on it.
Jones contends alternatively that in the event its design of the foundation of the house is found to be a cause of the damages *687 to the house that it should not be found liable to Tyler on the third party demand for the full extent of the damages. Jones argues that Tyler's omissions at the time the house was built also contributed to causing the damages. Jones contends that Tyler failed to properly drain the lot and failed to properly pack the fill under the house and these omissions contributed to the shifting of the foundation and the damages to the house.
The trial judge made the specific finding that the major defects in the house were caused by the improper design in the foundation. The testimony of plaintiff's three experts corroborated to some extent by two of defendant's witnesses provides substantial evidence to support this finding of fact by the trial judge. We note that the trial judge specifically denied any award on the third party demand for cost of improving draining and lime injection to preclude water from draining under the slab. We find no manifest error in the trial judge's award of damages on the third party demand.
We have awarded to plaintiff the same damages against Jones that the trial court awarded against Jones on the third party demand with the exception of attorney's fees and damages for mental anguish. We have excluded attorney's fees from plaintiff's damage award against Jones because plaintiff's claim against Jones is solely in tort and attorney's fees cannot be awarded in this action as they have not been authorized by contract or statute. We have awarded plaintiffs mental anguish damages against Jones as this element of damages is proper in a tort action.
The Emonds request an increase in their award of attorney's fees for services on this appeal. The award of attorney's fees is only against defendant Tyler and as no additional relief was obtained against that defendant we decline to increase the award of attorney's fees.
Conclusion
For the foregoing reasons the judgment is amended and recast as follows and as amended is AFFIRMED.
"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiffs, Paul and Maureen Emond and against the defendants, Tyler Building and Construction Co., Inc., and Robert E. Jones and Associates, Inc., in solido, in the amount of Eight thousand Six hundred Sixty-five and 35/100 ($8,665.35) Dollars with legal interest from date of judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiffs, Paul and Maureen Emond, and against defendant, Tyler Building and Construction Co., Inc., in the additional amount of Eight thousand Six Hundred and No/100 ($8,600.00) Dollars with legal interest from judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiffs, Paul and Maureen Emond, and against defendant, Robert E. Jones and Associates, Inc., for mental anguish damages in the additional amount of Eight Thousand and No/100 ($8,000.00) Dollars with legal interest from judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of third party plaintiff, Tyler Building and Construction Co., Inc., and against third party defendant, Robert E. Jones and Associates, Inc., in the amount of Fifteen Thousand Six hundred Sixty-five and 35/100 ($15,665.35) Dollars, with legal interest from judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of third party defendant, Mike Harlan, rejecting the demands of Tyler Building and Construction Co., Inc., against said third party defendant;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that expert witness *688 fees of Roy Jones, Gary Strong and Phillip Lindsay be set at $150.00, $200.00 and $200.00, respectively and taxed as costs;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Robert E. Jones and Associates, Inc., pay all costs of this proceeding."
AMENDED AND AFFIRMED.
NOTES
[1] The plaintiffs' claim, asserted against a professional who did not sell, build or distribute the item in question, is not an action in redhibition.
[2] Jones is also liable to Tyler for breach of its contract to properly design the foundation for the house.